JOSEPH RIVAS AND HENRY KOOPMAN, APPELLANTS, VS. ANTONIO SOLARY, APPELLEE.

1. Under the provisions of the act of December 27th, 1856, entitled "An act to benefit Commerce," all the title of the State to the submerged land extending from the low water mark to the channel of the river was vested in the then riparian proprietor, and such proprietor had the right, subject to the conditions of the law, to convey that portion of the submerged land which extended from low water mark to the channel.

2. Where the metes and bounds of a deed executed by such riparian proprietor do not extend to the channel, but are fixed without reference to the river as a boundary, the grantor retaining possession of structures upon the submerged land, and the grantee understanding that he got no title thereto, the title to the submerged land remains in the original riparian proprietor, and can be made the subject of a grant by him.

3. Land does not pass under a deed as an appurtenance to land.

Appeal from the Circuit-Court for Duval county.

The General Assembly of Florida passed the following act, which was approved by the Governor December 27th, 1856, entitled "An act to benefit Commerce:"

"WHEREAS, It is for the benefit of Commerce that wharves be built and ware-houses erected for facilitating the landing and storage of goods; and, whereas, The State being the proprietor of all submerged lands and water privileges within its boundaries, which prevents the riparian owners from improving the water lots; therefore,

"SECTION 1. Be it enacted by the Senate and House of Representaves of the State of Florida in General Assembly convened, That the State of Florida, for the considerations above mentioned, divest themselves of all right, title and interest to all lands covered by water lying in front of any tract of land owned by a citizen of the United States, or by the United States, for public purposes, lying upon any naviga-

ble stream, or bay of the sea, or harbor, as far as to the edge of the channel, and hereby vest the full title in the same in and unto the riparian proprietors, giving them the full right and privilege to build wharves into streams or waters of the bay or harbor as far as may be necessary to effect the purposes described, and to fill up from the shore, bank or beach as far as may be desired, not obstructing the channel, but leaving full space for the requirements of Commerce ; and upon lands so filled in to erect ware-houses or other buildings, and also the right to prevent encroachments of any other person upon all such submerged land in the direction of their lines continued to the channel, by bill in chancery or at law, and to have and maintain action of trespass in any court of competent jurisdiction in the State for any interfence with such property : also confirming to the riparian proprietors all improvements which may have heretofore been made upon submerged lands for the purposes within mentioned.

" SEC. 2. *Be it further enacted,* That nothing in this act contained shall be so construed as to release the title of the State of Florida, or any of its grantees, to any of the swamp or overflowed lands within the limits of the same ; but the grant herein contained shall be limited to those persons and body corporate owning lands actually bounded by and extending to low water mark on such navigable streams, bays and harbors." (689–90, McC.'s Dig.)

The other facts are stated in the opinion.

*John T. Walker* for Appellants.

*J. M.* and *H. J. Baker* for Appellee.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The subject of this suit is a part of water lot number nineteen, on the St. Johns river, in the City of Jacksonville.

Rivas and Koopman, plaintiffs in the Circuit Court, claim that the boundaries of their land when purchased extended to the St. Johns river at low water mark; that they are riparian proprietors, entitled to the benefits and rights extended to such owners by virtue of the act entitled " An act to benefit Commerce," approved December 27th, A. D. 1856; that by this act the State of Florida ceded to riparian proprietors all the right, title and interest of the State to all lands coverd by water, lying upon any navigable stream, as far as the edge of the channel, authorizing them to erect wharves and to fill in from the shore or bank as far as might be desired, not obstructing the channel of the river, and leaving sufficient space for the purposes of commerce ; that they have constructed on said lot a fine building, and are prevented from the use of the water front by defendant, Solary, who claims to be entitled to its use as against them; and that he, Solary, claims the right to keep up a wharf across their water front. Plaintiffs allege a desire to build suitable wharves upon the property. They pray for an injunction prohibiting defendant from selling any portion of the water front, and for an order restraining him from interfering with plaintiffs' possession, or preventing them from exercising control over their property.

To plaintiffs' bill, setting up substantially the facts recited, defendant answers, claiming ownership of the water front and denying any right of plaintiffs to its use. After the usual proceedings, and the taking of testimony, the injunction was dissolved and the bill dismissed upon the hearing.

From this order of dismissal this appeal is taken, the ground of appeal being error in granting this order.

The facts as disclosed by the record are, that Samuel N. Williams, the party through whom both plaintiffs and defendant trace title, acquired lot number nineteen anterior to

any of the conveyances proceeding from him, and that he had all the interest which followed from the act of 1856, which was all the right, title and interest of the State to the land covered by the water lying in front of his lot, subject to the trust that it was to be used for the purposes of commerce, as stated in the statute. It further appears that said Williams constructed a wharf across said lot before he executed any of the deeds through which plaintiffs claim, and that he remained in possession of the wharf, claiming title, up to the time of his sale of it and the land beneath it to defendant, Solary; that plaintiffs claim through two deeds of Williams—one to Andre Porson and the other to Margaret Wightman, the first being dated the 15th of June, A. D. 1867, and the last April 5th, A. D. 1871.

Neither of these deeds to the grantors of plaintiffs describe the river as a boundary. The land conveyed is named by feet, by fixed metes and bounds, " with the appurtenances;" and the testimony shows that this is all that plaintiffs understood they acquired. As to the south boundary of the land conveyed to Mrs. Wightman, the evidence is that at high tide the water stood over it a foot and a half deep; but the witness is not positive that the south end extended to the water at low tide. The south boundary of the land conveyed to Porson extended to low water mark. This is the evidence as to plaintiffs' title.

Defendant claims through a deed of Samuel N. Williams, dated March 2d, 1871, which in terms conveys the land to the channel of the St. Johns river. It appears from the record that at the time Solary purchased a large part of lot number nineteen had been filled up, and that there is now about thirty feet between the south line of the land granted to plaintiffs and the wharf in possession of defendant.

The question thus presented is, who has the better right to this wharf and to the submerged land beneath it.

We are unable to see upon what principle we can extend the operation of the deeds to plaintiffs beyond the land conveyed and embraced in the boundaries described therein. S. N. Williams, through whom each of these parties claim, it is admitted, had under the act of 1856 all the right and title of the State in the submerged land to the channel of the river.

This title was attended with no other restrictions than those contained in the act, and there is nothing in the act prohibiting his transfer of the property, subject to the same conditions under which he held it. It is not questioned that the title to these lands was in the State. What was here granted by the State was in terms something more than the ordinary right which the proprietor of lands on a navigable stream had to its use, and the right to use, for commercial purposes, after the act, was an incident to the ownership of the land, which the State gave to the riparian proprietor.

Williams, at the date of the act, was the riparian proprietor, and thus became vested with the title, as stated. Anterior to this act, as riparian proprietor, his title did not extend beyond high water mark; after this act it extended to the channel. The act, in its terms, vests the full title in him who owns lands actually bounded by and extending to low water mark, and we can see no ground for holding that it was to be simply appurtenant to the adjacent lands. The statute is too plain to admit of doubt or construction.

The State had the absolute proprietary interest in the land, and could grant it to the then riparian owner. 3 Kent, 427 ; 6 Mass., 436. Plaintiffs contend that the right to build a wharf passed as appurtenant to the land granted to them. This cannot be so, because the estate of Williams in the land to the channel, through whom they derive, was

an estate in the land, and the right to build wharves was an incident to that proprietorship.

The deeds of plaintiffs did not include this land, and land does not pass as appurtenant to land.   10 Pet., 54.

We say nothing as to the propriety of the remedy sought. in this case.

The order and decree denying the injunction and dismissing the bill is affirmed.