THE FRANK G. & S. M. Co. *v.* THE LARIMER M. & S. Co.

*(Circuit Court, D. Colorado.   June, 1881.)*

1. JURISDICTION OF CIRCUIT COURT—REMOVAL OF CAUSES—ACT OF 1875—MINES.
    Where an application for a patent for a mining claim was met by an adverse claim, and a complaint was filed in a state court and the cause removed, after answer, to this court, *held,* on a motion to remand, that this court has jurisdiction under the act of March 3, 1875, as the questions involved in the case arise under the laws of the United States, *i.e.,* the mining laws.

Motion to Remand.

*Wells, Smith & Macon,* for plaintiff.

*T. A. Green,* for defendant.

MILLER, Justice.   The defendant made application for patent for a mining claim in Lake county, to resist which plaintiff filed in the land-office an adverse claim, and thereupon filed complaint in the district court for Lake county.   Defendant, after answer, filed a petition for a removal of the cause to the circuit court of the United States, on the ground that the subject-matter of the action arises under the laws of the United States, and the case was removed accordingly.   This hearing is of a motion to remand the cause to the state court for trial.   The act of congress of March 3, 1875, provides that the "United States circuit courts shall have original jurisdiction of the subject-matter of all cases arising under the constitution and laws of the United States."   It is impossible that such an action as this can be determined without reference to, and involving a construction of, the mining laws of congress.   The questions in-

volved necessarily arise under the laws of the United States; and hence this court has original jurisdiction of the subject-matter of the action, and the case was properly removable. The motion to remand must be denied.