HAGGIN v. LEWIS et al.

(Circuit Court, D. Montana, S. D. September 21, 1894.)

1. CIRCUIT COURT—JURISDICTION—REMOVAL—FEDERAL QUESTION.
    A cause cannot be removed from a state court to a circuit court of the United States on the ground that a federal question is involved, unless that appears by plaintiff's statement of his own claim.

2. MINING CLAIMS—QUIETING TITLE—FEDERAL QUESTION.
    In a suit to quiet plaintiff's title to certain placer mining grounds, for which he has a placer patent, the claim of defendant to a portion of the premises by reason of a location made by him, after issue of the patent, on a vein of quartz known to exist there before application for the placer patent, involves an interpretation of the federal statute which excludes known lodes or veins of quartz from patents for placer mining grounds.

Suit by James B. Haggin against William T. Lewis and others.

W. W. Dixon, M. Kirkpatrick, and Wm. Scallon, for plaintiff.
Forbis & Forbis, Ella Knowles, and H. J. Haskell, for defendants.

KNOWLES, District Judge. This is a cause commenced in the district court of the Second judicial district for the state of Montana. The action is one in equity, and has for its purpose the quieting of the title of the plaintiff in and to certain placer mining ground situate in the county of Silver Bow, Mont. The cause was removed to this court from said district court on the petition of several of the defendants on the ground that the determination of the cause involved a ruling upon a federal question. The plaintiff has filed his motion to remand said cause on the ground that this court, as it appears from the record, has no jurisdiction of the cause. The petition for removal set forth as the question involved in the dispute between plaintiff and defendants the construction of the statute of the United States excluding known lodes or veins of quartz from patents for placer mining ground. While there are allegations in the petition for removal which may be treated as legal conclusions, and hence not proper to be considered, still there is a statement of facts in the said petition which, I think, shows that a construction of said statute would necessarily arise in the determination of said suit. It is alleged:

"That subsequent to the issuance of the said patent this defendant made a location upon the said premises for quartz lode purposes, and that he made a location on a vein there known to exist prior to the application for the placer patent under which the plaintiff claims, and that under and by virtue of such location this defendant now claims to be the owner of a portion of the premises described in plaintiff's complaint; that the plaintiff disputes your petitioner's rights thereto, and denies the validity of your petitioner's location of a quartz lode claim upon the said placer claim."

Plaintiff, in his complaint, alleges title in himself, and possession of his placer claim, which it appears from the petition of defendants includes his quartz location. I think, considering the facts stated, a federal question is presented. I do not see how it can be determined without an interpretation of a federal statute. The foundation of defendants' right rests upon such a statute. Was the ground claimed by defendants excluded, by virtue of the provisions of a

federal statute, from the grant to plaintiff? This is the issue presented. It is urged, however, that, as the complaint does not in any manner show that this federal question is presented, it does not appear that there is any such question at issue; that the complaint must, of itself, unaided by petition for removal or answer, show that such a question will arise for determination on the trial of the cause, and must there be decided. This view is undoubtedly maintained in the case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654. The syllabus of that case is as follows:

"Under Act Aug. 13, 1888, c. 866, the circuit court of the United States has no jurisdiction, either original or by removal from a state court, of a suit as one arising under the constitution laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim."

The views expressed in the opinion fully support this view. In fact, in the opinion, the supreme court, speaking by Justice Gray, say of one of the bills then before it:

"In the third bill no mention is made of the constitution or laws of the United States, or of any right claimed under either; and no statement in the petition for removal or in the demurrer of the defendant corporation can supply that want under the existing law of congress."

There is nothing in the bill of complaint in this case that shows any right claimed under the constitution of the United States or under any federal law, hence I do not see how escape can be made in this case from the rule expressed in the said case by the supreme court. That I have not mistaken the rule expressed by the supreme court appears, I think, from the view expressed in the dissenting opinion of Justice Harlan to the decision above named, in which dissenting opinion Justice Field concurred. In his opinion, Justice Harlan says:

"The opinion of the court proceeds upon the ground that, while a plaintiff, if his cause of action arises under the constitution or laws of the United States, or under some treaty with a foreign power, may invoke the original jurisdiction of a circuit court of the United States, a defendant is not entitled, under the existing statutes, to remove from the state court into the circuit court of the United States any suit against him in respect to which the original jurisdiction of the federal court could not be involved by the plaintiff, even when his defense goes to the whole cause of action set forth in the bill, declaration, or complaint, and is grounded entirely upon the constitution of the United States, or upon an act of congress, or upon a treaty between the United States and a foreign power."

For these reasons, it is ordered that the cause be, and the same is hereby, remanded to the state court from which it was transferred.