STATE OF FLORIDA v. CHARLOTTE HARBOR PHOSPHATE CO.

(Circuit Court of Appeals, Fifth Circuit. May 19, 1896.)

No. 437.

REMOVAL OF CAUSES—COMPLAINT AND PETITION.
A case cannot be removed as one arising under the constitution and laws of the United States, unless that fact appears by the plaintiff's statement of his claim, unaided by any allegations in the petition for removal. Tennessee v. Union & Planters' Bank, 14 Sup. Ct. 654, 152 U. S. 454; Chappell v. Waterworth, 15 Sup. Ct. 34, 155 U. S. 102; Land Co. v. Brown, 15 Sup. Ct. 357, 155 U. S. 488; Railway Co. v. Skottowe, 16 Sup. Ct. 869,—followed.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

S. M. Sparkman, for the State of Florida.

H. Bisbee and C. D. Rhinehart, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge. This was a suit instituted by the state of Florida on the chancery side of the circuit court in and for the county of De Soto, state of Florida, on the 18th day of December,

1891. The complainant's bill sets forth substantially the following: That defendant had unlawfully and without the consent of complainant entered upon, and was at the time of the filing of said bill, and had been for more than six months immediately prior thereto, engaged in unlawfully and wrongfully digging, mining, and removing phosphate rock and phosphatic deposits from the bed of Peace river, below the town of Arcadia, in the county of De Soto, but principally from the bed of that part of said stream situate in and running through townships 38 and 39 of range 24 and township 39 of range 23, S. and E., and was appropriating said phosphatic rock and deposits so removed to its own use; that said stream, at the points so trespassed upon, and thence to its mouth in Charlotte Harbor, was and is a navigable stream, and that it is susceptible of useful navigation to the public; that complainant was, at and before the time of such trespassing, and had been ever since, the owner of the bed of said stream at such places, and of the phosphatic rock and deposits therein, and from each of said points to the mouth of said stream, and that the property rights of complainant have been and are being trespassed upon by the defendant, and are threatened with frequently recurring trespasses; that at the points in said stream so trespassed upon there are large quantities of said phosphate rock and phosphatic deposits, of great value to complainant; that complainant was not informed as to the precise quantity of phosphate taken from the bed of said stream by the defendant, but that the amount was very large, being more than 10,000 tons, of the value of $10 per ton; that defendant was moving and appropriating more than 200 tons daily thereof; and that defendant threatens, and will, unless restrained by the order of the court, continue to trespass and enter upon the bed of the river at and near the navigable portions thereof, and at the points where complainant so owns the bed of said stream. The bill, after praying for a specific report as to how much phosphate rock the defendant had removed and appropriated, further prayed for an accounting, and for a decree for whatever amount might be found due for the phosphate taken from the said stream, and for an injunction restraining the defendant from further trespassing. On January 16, 1892, the defendant filed its petition for the removal of said cause to the circuit court of the United States for the Southern district of Florida, alleging as grounds for its removal that said suit is one arising under the laws of the United States, in this, to wit: That petitioner was the owner of the full and complete fee-simple title to certain portions of the bed of Peace river, subject only to the right of the public to use said river for the purposes of navigation. That petitioner derived its title to these portions of the bed of said river, either mediately or immediately, by patent from the United States, and that the complainant was seeking to enjoin or otherwise to prevent petitioner from the use and enjoyment of said property under a claim of being the owner of the whole of the bed of said river, including the portions granted by patent either to petitioner or to those under whom it claims; and that whether or not complainant is entitled to the relief prayed depends upon the construction of the laws of the

United States with reference to grants of lands or patents for lands and surveys thereof, which are intersected by streams of water. That the state of Florida by an act of its legislature, passed on December 27, 1856, for the consideration mentioned in said act, divested itself of all its right, title, and interest in and to all lands covered by water lying in front of any tracts of land owned by the United States for public purposes, or by a citizen of the United States, upon any navigable stream as far as the edge of the channel, and vested the full title to the same in and unto the riparian proprietors. That by virtue of said grant the title to certain submerged lands in the waters of Peace river became and was vested in the United States, and that petitioner had obtained from the United States by patent, either mediately or immediately, the title so vested in the United States by said grant. That a part of the lands mentioned are lands derived through the United States from the grant of the state of Florida as aforesaid, and that complainant is seeking to deprive the petitioner of said lands under acts of the legislature of said state of Florida, passed in 1887 and 1891, or at any other times subsequent to the grant of 1856, which acts of the legislature of the state and of complainant in said suit are in violation of that portion of the constitution of the United States which forbids any state to pass a law impairing the obligation of contracts, inasmuch as said acts and suit impair the obligations of the contract contained in the said grant of the state of Florida made in 1856, as aforesaid. That petitioner purchased and became the owner of said lands upon the faith of the decisions of the supreme court of the state of Florida, which held that the said act of the legislature passed in 1856, and granting lands as aforesaid, granted to the riparian proprietors therein designated a full and complete ownership of said lands. The petition for removal coming on to be heard before the circuit court of the Sixth judicial circuit of Florida, it was, on the 19th day of January, 1892, granted. Afterwards, on the 6th day of February, 1892, the defendant filed in the United States circuit court its answer to said bill, setting up substantially that all of the matters in said complainant's bill mentioned and complained of are matters which may be tried and determined at law, and that complainant had not, in or by its bill, made or stated such a case as would entitle it to any relief in a court of equity, and claimed the same benefit therefrom as if it had demurred to said bill. The defendant further, in its answer, denied the navigability of the stream, or that it had taken phosphate from any portion of the channel, but claimed the right in any event so to do by reason of its alleged ownership of the land lying contiguous to the stream; that under the riparian act of 1856, as construed by the supreme court of Florida in the cases of Rivas v. Solary, 18 Fla. 122, Sullivan v. Moreno, 19 Fla. 200, and Geiger v. Filor, 8 Fla. 326, it had title to all submerged lands lying in front of those owned by it on the bank of Peace river in the territory described in said bill. On the 1st day of February, 1892, the complainant, appearing specially in said United States court for that purpose, made and filed its motion to remand said cause to said state court on

the grounds: First. That said cause is not one cognizable before the United States court. Second. That the petition for transfer, as well as the entire record in said .case, shows that it is not one arising under the constitution or laws of the United States. Third. That neither from said petition nor record does it sufficiently appear that there is any disputed construction of any statutes or constitutional provision of the United States involved, or that the decision of the case depends upon the construction of any such law or . constitutional provision. Fourth. That from said petition it is manifest that said suit is not one arising under the constitution of the United States. ·This motion, on the 10th day of said month of February, was overruled. Afterwards, a general replication was filed, and testimony taken, upon which, together with the pleading and exhibits, the court, on the 1st day of April, 1895, rendered a decree adverse to the complainant, and dismissed its bill, with costs. From this decision an appeal has been taken to this court.

The first assigned error is that the circuit court did not have jurisdiction to try and determine said cause. According to the decisions of the supreme court in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Land Co. v. Brown, 155 U. S. 488, 15 Sup. Ct. 357; and Railway Co. v. Skottowe (recently decided, but not yet officially reported) 16 Sup. Ct. 869,—a case cannot be removed from a state court to the circuit court of the United States as one arising under the constitution, laws, or treaties of the United States, unless that fact appears by the plaintiff's statement of his own claim; and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal, or in the subsequent pleadings. Under these repeated decisions, we are constrained to hold that this instant case was improperly removed to the circuit court. A critical examination of the complainant's bill fails to show us any case necessarily arising under the constitution or laws of the United States. The decree of the circuit court is reversed, and the cause is remanded to the circuit court with instructions to that court to remand the same to the state court from which it was originally removed.