WISE v. NIXON et al.

(Circuit Court, D. Nevada. August 24, 1896.)

No. 620.

FEDERAL JURISDICTION—CONSTRUCTION OF ACT OF CONGRESS.

A complaint seeking to quiet the title to mining claims, alleging that defendants claim under relocations made by them, on the pretense that the original locators did not do the proper assessment work for one year, and did not resume work before such relocations, and that certain persons made a location of certain claims so as to include 160 acres of land solely in the interest of one of defendants, presents issues of fact merely, and does not involve the construction of Rev. St. § 2324, requiring a certain amount of work to be done on mining claims, so as to give jurisdiction to a federal court.

Bill by Julia Wise, executrix of Alexander Wise, deceased, against George S. Nixon and others. On motion for decree against defendant Nixon.

D. S. Truman and Torreyson & Summerfield, for the motion.
Robert M. Clarke, contra.

HAWLEY, District Judge (orally). Complainant moves the court for a decree pro confesso against the defendant George S. Nixon, under the provisions of equity rule 19, upon the ground that on the 3d day of June, 1896, the counsel for complainant entered an order that the bill of complaint be taken pro confesso, and that 30 days have expired since the entry of said order in the rule and order book. The facts, as presented upon this motion, are that defendant was required to plead to said complaint on June 1, 1896. On that day his solicitor appeared before the clerk, and handed him a demurrer, properly certified by counsel, but without the affidavit of the defendant, as required by equity rule 31, "that the demurrer was not interposed for delay," etc. The clerk read this rule to the solicitor, who thereupon took the demurrer, indorsed thereon the proper affidavit, and forwarded the same to defendant Nixon, at Winnemucca, where it was properly signed, and re-

turned to the clerk, and filed June 3, 1896.   On June 3, 1896, prior to the filing of defendant's demurrer, counsel for complainant had entered the order for default.

There is no excuse for counsel overlooking or forgetting the distinction which exists between the practice in this court and in the state courts, and between the forms of pleadings required in law and equity cases.   It is the duty of the court to enforce the law, and compel parties to conform to the rules and practice of this court.   But in the present case counsel for defendant contends that this court has no jurisdiction to enter a decree, for the reason that the suit is not one authorized by law to be brought in the United States courts.   The suit is brought to obtain a decree quieting the title to certain mining claims.   It was commenced in this court upon the theory that the questions raised by the complaint necessarily involved a construction of section 2324 of the Revised Statutes.   Do the averments of the complaint present any question of law calling for the construction of any statute of the United States?   After setting forth the necessary facts as to complainant's ownership of the mining claims and sulphur mining ground, it is alleged:

"That said defendants, and each of them, claim an estate or interest therein adverse to your orator, based upon several pretended relocations thereof attempted to have been made about the 1st day of January, 1896, and on the claim and pretense that the assessment work for the year 1895 had never been done on the same, or either of them, and on the further pretense and claim that the original owners, their heirs, assignees, or legal representatives, have not resumed work, and had not resumed work upon the said claims, or either of them, after a failure to perform the assessment work for the year 1895, and before such relocation by said defendants and the hereinafter mentioned grantors of the defendant George S. Nixon and each of defendants of the hereinbefore described property."

There is a further allegation that certain named parties, Warren and others, made a location of certain placer claims so as to include 160 acres of land, solely in the interest of the defendant Nixon.

These averments present issues of fact, and not of law, viz.:   Was complainant in the possession of the mining ground and placer claims at the time of the relocation made by the defendants?   Was the assessment work done thereon by the original owner thereof in the year 1895?   If the assessment work was not done in that year, did the original owner resume work on the claims, and was he in possession thereof at the time the defendants made a relocation?   Did Warren and others locate the placer ground solely for defendant Nixon?   The court is unable to determine from the averments of the complaint whether any construction of section 2324 will be necessarily involved in the trial of the case.   There is no question of law, and no dispute between the parties as to the amount of work required by section 2324 to be done upon the mining claims in the year 1895.   No question of law is presented as to what constitutes resumption of work.   The question whether Warren and others made the location of the placer claims solely for the benefit of the defendant Nixon is certainly a question of fact.   These things being true, it follows that the averments thereafter made in the com-

plaint: "That the determination of the title, and their rights of, in, and to said premises, involves the construction of a federal statute, to wit, of section 2324 of the Revised Statutes of the United States, or so much thereof as is necessary to determine what constitutes a failure to perform the assessment work upon a mining claim to comply with the conditions of said section, so as to make the same subject to relocation, and when such failure takes place and becomes complete, and what constitutes a resumption of work, in good faith, after a failure to fully perform such work, and before a relocation of a mining claim by other parties or persons; also, as to when such a resumption must take place in point of time to preserve a mining claim from relocation. That the title of said property and the right of the parties hereto depend upon the construction of that part of said section above set forth, and the rights and title of your orator will be defeated by one construction, and sustained by the other construction, of said statute,"—are mere conclusions of law. To give this court any jurisdiction in the premises, it must affirmatively and clearly appear from the averments in the complaint that a federal question is involved. The facts must be stated in such a manner as to enable the court to determine therefrom whether or not the trial will involve any construction of the statutes of the United States. The office of pleadings is to state facts, not conclusions of law. It is the duty of the court to declare the conclusions from the facts stated. In the language of Chief Justice Marshall, a case "may truly be said to arise under the constitution or a law of the United States whenever its correct decision depends upon the construction of either" (Cohens v. Virginia, 6 Wheat. 379); or when "the title or right set up by the party may be defeated by one construction of the constitution or law of the United States, or sustained by the opposite construction" (Osborn v. Bank, 9 Wheat. 822; Carson v. Dunham, 121 U. S. 421, 427, 7 Sup. Ct. 1030; Starin v. New York, 115 U. S. 248, 257, 6 Sup. Ct. 28, and authorities there cited). The character of a case must be determined by the questions involved. The question whether a party claims a right under the provisions of the statute is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party. Railroad Co. v. Mills, 113 U. S. 249, 257, 5 Sup. Ct. 456; Metcalf v. Watertown, 128 U. S. 586, 589, 9 Sup. Ct. 173; Mining Co. v. Turck, 150 U. S. 138, 143, 14 Sup. Ct. 35.

In Trafton v. Nouges, 4 Sawy. 178, 183, Fed. Cas. No. 14,134, the court said:

"The precise facts should be stated out of which it is supposed the jurisdictional question will arise, and how it will arise should be pointed out, so that the court can determine for itself whether the case is a proper one for consideration in the national courts; otherwise, the administration of justice will be greatly obstructed, and intolerable inconveniences be the result. * * * Where a suit presents no disputed construction of an act of congress; where there is no contest at all as to what the act means, or what right it gives; where the only questions are as to what are the local mining laws, rules, and customs, and as to whether the parties have in fact performed the acts required by such local laws, rules, and customs,—how can it be said,

in any just sense, that such a suit really and substantially involves a dispute or controversy arising under an act of congress?"

To the same effect, see Dowell v. Griswold, 5 Sawy. 39, Fed. Cas. No. 4,041; Hambleton v. Duham, 10 Sawy. 490, 22 Fed. 465; Water Co. v. Keyes, 96 U. S. 199, 203.

The principles applicable to this case are analogous to the doctrines announced by the supreme court of the United States, and constantly adhered to, that "under the acts of March 3, 1887, c. 373 (24 Stat. 552), and August 13, 1888, c. 866 (25 Stat. 433), a case not depending on the citizenship of the parties, nor otherwise specially provided for, cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings." Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Postal Tel. Cable Co. v. State of Alabama, 155 U. S. 482, 15 Sup. Ct. 192; Land Co. v. Brown, 155 U. S. 488, 15 Sup. Ct. 357; Railway Co. v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869.

The authorities cited and relied upon by complainant are not in opposition to the views herein expressed. Frank G. & S. M. Co. v. Larimer M. & S. Co., 8 Fed. 724, Burke v. Concentrating Co., 46 Fed. 644, and Chambers v. Harrington, 111 U. S. 350, 4 Sup. Ct. 428, were cases brought in pursuance of the provisions of section 2326, Rev. St., to determine the adverse claims of the respective parties to mining claims for which the defendants had made application for a patent under the provisions of section 2325 of the Revised Statutes; and the decisions are to the effect that the national courts have jurisdiction of such cases because the government title to the claims is necessarily involved; that the government is to a certain extent a party in interest in such cases, though not formally made a party; and that it is entitled to have its rights determined in the United States courts. The principles, therefore, upon which the jurisdiction of such cases are maintained, are not within the decisions of Trafton v. Nouges and the other authorities which have been cited. In Haggin v. Lewis, 66 Fed. 199, the cause was remanded to the state court, upon the ground that the bill of complaint failed to affirmatively show any right claimed under the constitution and laws of the United States.

The motion for a decree is denied. Leave is granted to amend the complaint.