### WISE v. NIXON et al.

(Circuit Court, D. Nevada. January 25, 1897.)

JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTIONS.

The mere fact that, in the progress of the trial of a case, it may become necessary to construe the constitution or laws of the United States, does not give the federal courts jurisdiction of such case; but the decision must depend on such construction, and this must appear by the complainant's statement of his own claim, irrespective of what the contention of the defendant may be. Wise v. Nixon, 76 Fed. 3, reaffirmed.

D. S. Truman and Torreyson & Summerfield, for complainant.
Robert M. Clarke, for respondents.

HAWLEY, District Judge (orally). This is a suit in equity to quiet title to two certain tracts of sulphur mining land, of 160 acres each, situate in Humboldt county, Nev. The complainant and respondents are residents of the state of Nevada. The jurisdiction of this court is sought to be maintained upon the ground:

"That this is a civil action arising under the laws of the United States."

A demurrer to the original complaint was sustained, and leave given to complainant to amend. Wise v. Nixon, 76 Fed. 3. A demurrer is interposed to the amended complaint upon the ground that:

"It appears on the face of said complaint that said action is not one arising under the constitution or laws of the United States. Said action does not in any manner involve the construction of the constitution, or of said alleged, or any, law of the United States."

The amended complaint presents substantially the same facts as were set forth in the original complaint. It is, however, more specific in its averments as to the contention of the respective parties relative to the proper construction to be given to the acts of congress which it is claimed will be involved upon the trial of the case. The various allegations on this point are argumentative in their character, and the conclusion of law is stated, as in the original complaint:

"That the title of said property and the rights of the parties hereto depend upon the construction of said above-mentioned acts and sections thereof, and the rights and title of your orator will be defeated by one of said constructions and sustained by the other proper claimed construction thereof."

The only additional fact stated in the complaint is that:

"It will be shown that said sulphur mining claims are not situated in any organized mining district in this state, and that said mines are contiguous to each

other, and that there is no statute mining law in Nevada regulating the doing of assessment work on mines, either situated in, or not situated in, any organized mining district; or relative to the marking of boundaries of mining claims, or relocations of mines, or on the original location of mines, or at all, by which any of the legal questions here involved can be determined."

The former opinion of this court, to which reference is made, is conclusive upon the point that this court has no jurisdiction of the case. The complaint presents questions of fact, and not of law. In addition to authorities cited in former opinion, see Mining Co. v. Largey, 49 Fed. 289. The mere fact that, in the progress of the trial, it may become necessary to construe the mining laws of the United States, does not necessarily give this court jurisdiction. In Water Co. v. Keyes, 96 U. S. 199, 203, the court said:

"A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the constitution or laws of the United States. The decision of the case must depend upon that construction."

The acts of 1887–88 with reference to the jurisdiction of the federal courts are different in several respects from the prior acts upon the same subject. The change was made, as has been frequently stated by the supreme court, "to contract the jurisdiction of the circuit courts of the United States." Smith v. Lyon, 133 U. S. 315, 320, 10 Sup. Ct. 303; In re Pennsylvania Co., 137 U. S. 451, 454, 11 Sup. Ct. 141; Fisk v. Henarie, 142 U. S. 459, 467, 12 Sup. Ct. 207; Shaw v. Mining Co., 145 U. S. 444, 449, 12 Sup. Ct. 935; Martin's Adm'r v. Railroad Co., 151 U. S. 673, 687, 14 Sup. Ct. 533; Tennessee v. Union & Planters' Bank, 152 U. S. 454, 462, 14 Sup. Ct. 654. Under the acts of 1887–88, the circuit courts of the United States have no jurisdiction of a suit as one arising under the constitution, laws, or treaties of the United States, unless that appears by the complainant's statement of his own claim, irrespective of what the contention of the defendants may be. Even under the prior acts the question whether a party claimed a right under the constitution or laws of the United States was to be ascertained by the legal construction of his own allegations, and not by the effect attributed to those allegations by the adverse party. Railroad Co. v. Mills, 113 U. S. 249, 257, 5 Sup. Ct. 456; Metcalf v. Watertown, 128 U. S. 586, 589, 9 Sup. Ct. 173; Mining Co. v. Turck, 150 U. S. 138, 143, 14 Sup. Ct. 35. The same rule applies more comprehensively to the acts of 1887–88. In Tennessee v. Union & Planters' Bank, 152 U. S. 454, 464, 14 Sup. Ct. 654, there were three different cases embraced in the decision. In two of them, to quote the language of the court, "the only reference to the constitution or laws of the United States is the suggestion that the defendants will contend that the law of the state under which the plaintiffs claim is void, because in contravention of the constitution of the United States; and by the settled law of this court, as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws. * * * The result is that in the first and

second cases the decrees must be reversed at the cost of the plaintiffs, and the cases remanded to the circuit court of the United States, with directions to dismiss the bills for want of jurisdiction." See, also, Florida v. Charlotte Harbor Phosphate Co., 20 C. C. A. 538, 74 Fed. 578, 581. It is manifest, upon the face of the complaint, that this court cannot take jurisdiction of this case without giving the effect attributed to those allegations by the adverse party, which the recent decisions of the supreme court declare cannot be done. The demurrer is sustained and the bill dismissed, without prejudice to complainant's right to bring the action in the state court.