# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### ARGONAUT MIN. CO. v. KENNEDY MIN. & MILL. CO.

#### (Circuit Court, N. D. California. December 13, 1897.)

#### No. 12,517.

REMOVAL OF CAUSES—CASE ARISING UNDER LAWS OF UNITED STATES—MINING CLAIMS.

An action in a state court, which appears by the complaint to be simply one to recover damages for trespass upon the plaintiff's mining claim, is not removable as a case arising under the laws of the United States.

Lindley & Eickhoff and W. J. McGee, for plaintiff.

John M. Wright, for defendant.

MORROW, Circuit Judge. This is a motion to remand the cause to the superior court of the state, from whence it was brought, on the ground that this court is without jurisdiction to hear and determine the cause. The right of removal is claimed upon the ground that the action is of a civil nature at common law; that the matter in dispute exceeds, exclusive of costs and interest, the sum or value of $2,000; and that it arises under the laws of the United States. Plaintiff and defendant are both corporations organized under the laws of the state of California. The complaint is in the ordinary form of an action of trespass, and the allegations, material to the present question, are as follows:

"That at all times mentioned in the complaint the plaintiff has been, and now is, the owner, and in the possession, and entitled to the sole and exclusive possession, of all that certain mine and mining claim situate, lying, and being in Jackson mining district, Amador county, state of California, * * * which said mine and mining claim was and is commonly known and called the 'Pioneer Quartz Mine.' * * * And plaintiff avers that at all of said times it was, and now is, the owner, in the possession of, and entitled to the exclusive possession of, 1,589.94 linear feet of that certain quartz vein or lode known as the Pioneer quartz vein or lode, which has its apex within the premises hereinbefore described, with the exclusive right to said 1,589.94 feet of said lode throughout its entire depth, although it may enter the land adjoining. And said plaintiff at all of said times was, and now is, the owner of all other veins, lodes, and ledges, throughout their entire length and depth, the top or

84 F.—1

apices of which lie within or inside of the exterior lines of the Pioneer Quartz Mine, described as aforesaid, extended vertically, although such veins, lodes, or ledges in their downward course may so far depart from a perpendicular as to extend outside of the vertical side lines of said described Pioneer Quartz Mine. That defendant has sunk an incline shaft upon land adjacent to plaintiff's mining claim, and since August 11, 1894, and prior to the commencement of this action, said defendant, by means of said shaft and of levels, drifts, cross-cuts, and stopes, has penetrated into and upon the said lands and premises belonging to this plaintiff, as hereinbefore alleged, and into and upon the lodes, ledges, and veins having their apices within the surface lines of said Pioneer Quartz Mine, and by means of said underground works has willfully, wrongfully, and unlawfully, and without the license or consent of said plaintiff, worked and mined said lodes, ledges, and mining ground, and has taken out and extracted therefrom, and converted to its own use, large quantities of gold-bearing quartz of great value. And plaintiff alleges upon its information and belief that said defendant, since August 11, 1894, and prior to the commencement of this action, has extracted over three thousand tons of ore and gold-bearing quartz from the veins, lodes, and ledges aforesaid, and has taken out, carried away, and converted the same to its own use. That said ore was of great value, to wit, of the value of one hundred and thirty-five thousand dollars. That by reason of the aforesaid acts of defendant, plaintiff has been damaged in the sum of one hundred and thirty-five thousand dollars. Plaintiff further alleges that defendant threatens to continue said wrongful acts, and threatens to continue to so mine and work the veins, ledges, and lodes so belonging to this plaintiff, as hereinbefore set forth, and to extract, remove, and convert to its own use, the gold-bearing ore and quartz therein, and will do so unless restrained by the order of this court."

It has been repeatedly determined by the supreme court that a case not depending on the citizenship of the parties, nor otherwise specially provided for, cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal, or in the subsequent pleadings. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Postal Tel. Cable Co. v. Alabama, 155 U. S. 487, 15 Sup. Ct. 192; Land Co. v. Brown, 155 U. S. 488, 15 Sup. Ct. 357; U. S. v. American Bell Tel. Co., 159 U. S. 553, 16 Sup. Ct. 69; Railway Co. v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869; Hanford v. Davies, 163 U. S. 273, 16 Sup. Ct. 1051; Railway Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738; Florida v. Charlotte Harbor Phosphate Co., 20 C. C. A. 538, 74 Fed. 578. It is contended, however, by the defendant, that it does appear by the plaintiff's statement of his own claim that the case arises under the laws of the United States; that the trespass charged is into and upon the lodes, ledges, and veins of a mining claim alleged to be owned and in the possession of the plaintiff; that a mining claim, as the term is used in the statutes of the United States, is that portion of a vein or lode and of the adjoining surface, or of the surface and subjacent material, to which a claimant has acquired the right of possession by virtue of a compliance with the laws of the United States and the local rules and customs of mines. Copp, U. S. Min. Dec. 136; Williams v. Mining Co., 66 Cal. 193, 5 Pac. 85; Railroad Co. v. Sanders, 1 C. C. A. 192, 49 Fed. 135. This may be all true, but it does not follow

that a trespass upon such premises involves a question arising out of or under any law of the United States. As well might it be contended that a case between individuals relating to the possession of government securities is a case arising under the laws of the United States, because a description of the property would involve a judicial knowledge of the origin, validity, and value of the obligation under the legislation of the national government. This is certainly not the interpretation intended by the removal act. The case of Consolidated Wyoming Gold-Min. Co. v. Champion Min. Co., 62 Fed. 945, involved the precise question we have here, but the motion to remand in that case was based upon the defendant's petition. The decision, denying the motion, was rendered by Judge McKenna on March 6, 1893. At that time the supreme court had not decided the case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, holding that the question of federal jurisdiction must be determined upon the complainant's statement of his own claim, and not upon the defendant's petition. The statement of Judge McKenna, in the first-named case, that "a contest between mining claims necessarily involves a consideration of the laws of the United States," must be considered with respect to the issues of that case, and the question of jurisdiction as it then stood. In Hanford v. Davies, 163 U. S. 273, 16 Sup. Ct. 1051, Mr. Justice Harlan, speaking for the supreme court, stated the law upon this subject very clearly. He said:

"We are not required to say that it is essential to the maintenance of the jurisdiction of the circuit court of such a suit that the pleadings should refer, in words, to the particular clause of the constitution relied on to sustain the claim of immunity in question, but only that the essential facts averred must show, not by inference or argumentatively, but clearly and distinctly, that the suit is one of which the circuit court is entitled to take cognizance,"—citing Ansbro v. U. S., 159 U. S. 695, 16 Sup. Ct. 187.

As it does not appear clearly and distinctly that this case arises under the laws of the United States, the motion to remand must be granted, and it is so ordered.