91 U.S. 254
 23 L.Ed. 345
 HAINES ET AL.
v.
CARPENTER ET AL.
 October Term, 1875
 
 APPEAL from the Circuit Court of the United States for the District of Louisiana.
 Celia A. Groves of Madison Parish, Louisiana, by her will, dated the 27th of January, 1872, among other things bequeathed to the Baptist church in the city of Vicksburg, the plantation on which she lived, except one hundred and fifty acres, which were designated; and expressed a desire that the church should hold it, and not sell it, and that the proceeds should be employed to educate young men for the ministry. She appointed her brother-in-law, Charles Carpenter, her universal legatee and executor, giving him seizure of the estate to carry out the provisions of the will and the purposes of the trust. The will was admitted to probate on the 16th of March, 1872, by the parish judge; and Carpenter assumed the duties of executor, and took possession of the estate.
 The bill in this case was filed in September, 1872, by the appellants, as Trustees of the Vicksburg Baptist Church of Vicksburg in Mississippi, a body corporate of that State, alleging that said church was the one intended by the will, and charging various matters of complaint upon which relief is sought. The defendants are, first, the executor, Charles Carpenter; secondly, one Elias S. Dennis, who claims to have been a partner of testatrix; thirdly, Mary Stout, Julia Trezevant, and others, who claim to be the heirs of the testatrix; fourthly, Richard H. Groves and others, who claim to be the heirs of her deceased husband, George W. Groves; fifthly, John A. Klein and others, legatees named in the will.
 The bill states that Carpenter is unfit and incompetent to manage and control the estate, and that he lets it run to waste; and asks that he be removed, and a receiver appointed.
 It further states that Dennis has instituted a suit against the executor in the Thirteenth District Court of Louisiana, claiming to have been a partner of testatrix, and that a large amount is due him as such, with a view of absorbing the succession by a judgment; and that the executor is colluding and combining with him, and asks that they be enjoined from continuing such combination.
 It also states that Mary Stout, Julia Trezevant, and others, claiming to be the testatrix's heirs, have instituted a suit in the Parish Court of Madison Parish, alleging that the bequest to the church is void, and praying that it may be declared void, for various reasons, amongst others, as being uncertain, against the laws of Louisiana, and attempting to establish a perpetuity; and that the complainants answered the petition in said suit, which is still pending.
 And further, that Richard H. Groves and others, alleging themselves to be the heirs of George W. Groves, the testatrix's husband, have also commenced a suit in said Thirteenth District Court, claiming that the property bequeathed belonged to him, and that the will is null and void, and praying that it may be declared void.
 In view of these various proceedings, the bill claims that the case presents a multiplicity of suits, sufficient to induce a court of equity to interfere for the protection of the complainants. It also alleges that full and adequate relief cannot be had unless the Circuit Court take cognizance of all the questions presented by said suits, and of the whole subject-matter of the succession, and of all suits and litigations affecting it. It also alleges that such local prejudices exist against the church, that it cannot obtain justice in the State courts.
 The bill prays that the executor may account for all moneys received by him from the succession, and for a reference to a master to ascertain and settle all claims against the estate, and that a receiver may be appointed to take charge of the estate; that the will may be declared valid; that the complainants may be put into possession of the plantation; that the executor may be removed; and that an injunction may issue to enjoin and restrain the defendants from further prosecuting the said suits, or any other suits or litigation in the premises.
 This bill was dismissed by the court below on demurrer; and from that decree this appeal was taken.
 Submitted on printed brief by Mr. Joseph Casey for the appellant, who cited Payne v. Hook, 7 Wall. 425.
 No counsel appeared for the appellee.
 MR. JUSTICE BRADLEY delivered the opinion of the court.
 
 
 1
 A mere statement of the bill is sufficient to show that it cannot be sustained. Whilst it undoubtedly presents some matters of equitable consideration, they are so mixed up with others of a different character, or which cannot be entertained by the Circuit Court of the United States, and which constitute the main object and purpose of the suit, as to make the bill essentially bad on demurrer. In the first place, the great object of the suit is to enjoin and stop litigation in the State courts, and to bring all the litigated questions before the Circuit Court. This is one of the things which the Federal courts are expressly prohibited from doing. By the act of March 2, 1793, it was declared that a writ of injunction shall not be granted to stay proceedings in a State court. This prohibition is repeated in sect. 720 of the Revised Statutes, and extends to all cases except where otherwise provided by the Bankrupt Law. This objection alone is sufficient ground for sustaining the demurrer to the bill. In the next place, the claim that the court ought to interfere on account of multiplicity of suits is manifestly unfounded. Only three suits are specified for this purpose in the bill, and each of these has a distinct object, founded on a distinct ground, and is instituted by a distinct class of claimants, who had a perfect right to institute the suit they did. The State courts have full and ample jurisdiction of the cases, and no sufficient reason appears for interfering with their proceedings.
 
 
 2
 The decree of the Circuit Court is affirmed.