RENSSELAER & S. R. Co. *v.* BENNINGTON & R. R. Co.

(*Circuit Court, D. Vermont.* December 5, 1883.)

FEDERAL COURT—INJUNCTION TO STATE COURT.
 Section 720 of the Revised Statutes of the United States, providing that the writ of injunction shall not be granted by any court of the United States, to stay proceedings in any state court, except in cases of bankruptcy, prohibits the federal courts from enjoining a suit in a state court because of the unconstitutionality of a statute upon which that suit is founded. The proper remedy is by writ of error.

In Equity.
*John Prout,* for orator.
*Edward J. Phelps,* for defendant.

WHEELER, J.    This bill is brought to restrain the defendant from entering upon the railroad of the orator under the provisions of an act of the legislature of Vermont, passed in 1868, entitled "An act authorizing the Bennington & Rutland Railroad Company to extend their railroad to West Rutland." Laws Vt. 1868, No. 137, p. 203. There is no allegation in the bill, nor admission in the answer, nor evidence tending to show, that the defendant has threatened or intends to enter upon or interfere with the orator's railroad in any way except under and strictly according to the provisions of that act. The sole ground for relief set up or claimed is that the act is beyond the reach of the power of the legislature, and void, so that it furnishes no authority to the defendant to make the entry, or to take the proceedings provided for in the act to perfect the right of entry. The act, in terms, gives the defendant the right to enter upon that part of the orator's road between Rutland and West Rutland with engines and cars, and to transport marble and other freight thereon, paying for the use of the road two cents per ton per mile upon the freight.    Section 7.    It is further provided, however, that this right conferred shall be exercised under such reasonable rules and regulations as may be established by the managers of the orator's road, and be necessary to the safety of life and property, and to enable both parties properly to transact their business on the road; and that in default of the making, by the orator, and furnishing, such regulations to the defendant for 30 days, or on the making of unsatisfactory regulations, proceedings may be had in the supreme court of the state for making and enforcing such regulations.

The orator suffered the 30 days to pass without making the rules or regulations, and alleges in the bill that the defendant threatens to take proceedings in the supreme court to have them made and established; and the defendant, in its answer, admits that it intended to commence, and sets forth that it now has commenced, such proceedings.    Thus, as the case now stands, the orator has no reason to fear, and is not exposed to, any interference with its road or franchise

otherwise than as may be authorized by the proceedings in the supreme court. The prayer of the bill is that the defendant, its officers, agents, and workmen, may be restrained from running with its engines or cars upon this part of the orator's road, and that it, its officers, agents, attorneys, and solicitors, may be restrained from making applications to the supreme court of the state to have rules and regulations for the running upon that part of the road by the defendant made and established, and for further relief. As no action or interference except such as may be authorized and had under the proceedings in the supreme court is threatened or apprehended, there is no relief to which the orator is here entitled unless it is relief from those proceedings. The prosecution of those proceedings, or the carrying out of such order or decree as the supreme court may make upon them, must be restrained, if any thing effectual is to be done in this case. The restraint of the execution or complete fulfillment of proceedings of a judicial nature is in effect the same as the restraint of the proceedings themselves. *Deitzsch* v. *Huidekoper*, 103 U. S: 494; *French* v. *Hay*, 22 Wall. 250.

In section 720, Rev. St., it is provided that the writ of injunction shall not be granted by any court of the United States, to stay proceedings in any court of a state, except when authorized in bankruptcy proceedings. This provision of the statutes is strictly applied whenever the restraint of any independent proceedings of a state court is attempted. *Haines* v. *Carpenter*, 91 U. S. 254; *Dial* v. *Reynolds*, 96 U. S. 340. Suits in state courts, wherein it was attempted to defeat the result of proceedings in the federal courts, have been enjoined in the federal courts on the ground that such courts must have full control over the enforcement of their judgments and decrees, as well as of the rendering of them. *Deitzsch* v. *Huidekoper*, *supra*; *French* v. *Hay*, *supra*. Mr. Justice BRADLEY, in delivering the opinion of the court in *Haines* v. *Carpenter*, said: "In the first place, the great object of the suit is to enjoin and stop litigation in the state courts, and to bring all the litigated questions before the circuit court. This is one of the things which the federal courts are expressly prohibited from doing." The rights of citizens of other states to have their litigation generally, and the rights of all to have federal questions, tried in the federal courts, are provided for by the statutes relating to the removal of cases from the state to the federal courts, and to writs of error from the supreme court of the United States to the highest courts of the state, and are not left at all to be effectuated by injunction from one court to the other.

This conclusion renders the examination of the constitutional question here unnecessary, and in fact improper. For this reason the bill cannot be entertained.

Let a decree be entered dismissing the bill, with costs, but without prejudice.