## EAST LAKE LAND COMPANY v. BROWN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.

No. 121. Submitted December 14, 1894. — Decided December 17, 1894.

*Chappell* v. *Waterworth*, 155 U. S. 102, affirmed and applied to the point that, under the acts of March 3, 1887, c. 373, and August 13, 1888, c. 866, a case (not depending on the citizenship of the parties, nor otherwise specially provided for) cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim ; and if it does not so appear, the want cannot be supplied by any statement in the petition for removal, or in the subsequent pleadings.

THIS action was commenced in the City Court of Birmingham, Alabama. The complaint was as follows : " The plaintiff sues to recover the following tract of land, the north half of the southwest quarter of section fourteen (14), township seventeen (17), range two (2) west, in Jefferson County, Alabama, of which it was possessed before the commencement of this suit, and after such possession accrued the defendant entered thereupon and unlawfully withholds and detains the same, together with one thousand dollars for the detention thereof."

The defendant pleaded " not guilty," and petitioned for the removal of the cause to the Circuit Court of the United States on the ground " that said action was brought by the said East Lake Land Company for the purpose of recovering from petitioner the possession of the N. ½ of the S. W. ¼ of section 14, township 17, of range 2 west, in Jefferson County, Alabama, of

which land petitioner was at the beginning of said suit and is now seized and possessed, and that petitioner's right and title to said land is as a homestead entered by him under the homestead laws of the United States, and for which petitioner holds a certificate of entry under said statutes, and that petitioner's title and right to said lands arise under the laws of the United States, and that the matter in dispute in this suit exceeds the sum of two thousand dollars, exclusive of costs."

The cause was so removed, and on trial a verdict was had for the defendant, and judgment on the verdict. The cause was brought here by writ of error.

*Mr. John T. Morgan* for plaintiff in error.

*Mr. D. P. Bestor* for defendant in error.

THE CHIEF JUSTICE: The judgment is reversed with costs, and the case remanded with a direction to remand it to the City Court of Birmingham, county of Jefferson, Alabama, on the authority of *Chappell* v. *Waterworth*, 155 U. S. 102.

*Reversed and remanded.*