WESTERN UNION TELEGRAPH CO. OF ILLINOIS v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Seventh Circuit. November 15, 1912.)

No. 1,922.

1. COURTS (§ 508*)—FEDERAL COURTS—PROCEEDING IN STATE COURT—INJUNCTION.

Where, after the institution of proceedings in a state court by a telegraph company to condemn a right of way for a telegraph line along the right of way of a railroad company, the railroad company instituted a suit in a federal court to restrain the condemnation of such right of way,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and, before an order granting a temporary injunction against the condemnation proceedings was entered, such proceedings were removed to the federal court, and prior to an appeal from the order granting a temporary injunction complainant's bill was amended so as to show that the condemnation proceeding had been in fact removed and that the state court had no longer any jurisdiction, the injunction was not objectionable as within Judicial Code, § 265 (Act March 3, 1911, c. 231, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]), prohibiting the federal courts from enjoining proceedings in a state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

**2.** Injunction (§ 136*)—Temporary Injunction—Telegraph Company—Right of Way—Condemnation.

Complainant railroad company filed a bill alleging that defendant telegraph company, a New York corporation, had for a long period theretofore operated a telegraph line along complainant's right of way under a contract which had served its requirements, but that it had canceled the contract and refused to arrange for a continuance of the service, and had caused its employés to organize a domestic corporation, which had commenced condemnation proceedings in a state court to acquire an independent right of way along complainant's railroad for a telegraph line; that complainant's right of way was a post road, and had been designated as such for the transportation of United States mail and troops; that it was necessary for complainant to operate a telegraph line along its right of way for the transaction of its own business as a railroad and for the accommodation of the general public; and that the condemnation of a separate right of way by such telegraph company would obstruct and interfere with interstate commerce, and would also interfere with the performance of complainant's duties under its charter, and would be dangerous to employés and passengers in the operation of complainant's railroad. *Held*, that such facts warranted the issuance of a temporary injunction in the exercise of the trial court's discretion.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

Appeal from the District Court of the United States for the Eastern District of Illinois; Francis W. Wright, Judge.

Suit by the Louisville & Nashville Railroad Company against the Western Union Telegraph Company of Illinois. From a decree awarding a preliminary injunction restraining defendant from proceeding to condemn a right of way for a telegraph line along the right of way of the lines of complainant railroad company, defendant appeals. Affirmed.

The Western Union Telegraph Company of Illinois appeals from an order of the District Court denying its application to dissolve an interlocutory injunctional decree (pendente lite), allowed under a bill filed by the appellee, Louisville & Nashville Railroad Company, to restrain the appellant's proceedings, in a state court, for condemnation of a right of way for a telegraph line upon and along the appellee's right of way for its lines of railroad. The injunctional decree referred to contains the following recitals and provisions:

"The court finds that the complainant is an interstate carrier of passengers and freight and of the United States mails; that it is absolutely necessary in conducting its said business that it construct, maintain, and operate a magnetic telegraph line upon and along its right of way, and that if

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant, Western Union Telegraph Company of Illinois, is permitted to pre-empt such line on the complainant's right of way as proposed, the complainant will thereby be prevented from having a telegraph to conduct its own business, which would be an irreparable injury to it. And the court further finds that said proposed line of telegraph of defendant will interfere with the safety of ordinary travel on such railroad. And the court further finds as a matter of law that the Telegraph Company has no authority to construct, maintain, and operate a telegraph line upon or along the complainant's right of way without its consent, and any judgment of a state court to the contrary in a condemnation suit would be void and of no effect, such court being without jurisdiction of the subject-matter. This court is prohibited by law from granting the writ of injunction to stay proceedings in a state court.

"Therefore, on consideration of the premises, it is ordered, adjudged, and decreed, by the court, that the motion of the complainant for a temporary writ of injunction herein be and the same is allowed in part, and in part denied. And it is further ordered, adjudged, and decreed that the writ of injunction do issue herein against the said defendant the Western Union Telegraph Company of Illinois, restraining and enjoining it, its officers, directors, agents, owners, operators, employés, and attorneys, and each and every of them, from entering upon any part of the right of way of the said Louisville & Nashville Railroad Company, or branches thereof, described in the complainant's bill of complaint filed herein, for the purpose of surveying, locating, constructing, maintaining, or operating the line of telegraph described in said bill of complaint, or any other line of telegraph proposed to be constructed by said Western Union Telegraph Company of Illinois upon or along the said right of way of complainant, and all persons hereinbefore described be, and they are, enjoined, restrained, and prohibited from entering upon any part of the right of way of the said complainant described in said bill of complaint for the purpose of aiding, assisting, and abetting said Western Union Telegraph Company of Illinois in surveying, locating, relocating, constructing, maintaining, or operating the line of telegraph described in said bill of complaint, proposed to be constructed by said Western Union Telegraph Company of Illinois on the right of way of the main line and branches of the said Louisville & Nashville Railroad Company described in the said bill of complaint, and the said defendant, the Southeast & St. Louis Railway Company, be, and it is, enjoined from permitting the Western Union Telegraph Company of Illinois to do the things, or any of them, that have been and are enjoined herein."

West & Eckhart, of Chicago, Ill., for appellant.

J. M. Hamill, of Belleville, Ill., Henry L. Stone, of Louisville, Ky., C. P. Hamill, M. W. Schaefer, and F. H. Kruger, all of Belleville, Ill., for appellee.

Before BAKER and SEAMAN, Circuit Judges, and CARPENTER, District Judge.

SEAMAN, Circuit Judge (after stating the facts as above). The appellee Railroad Company, a Kentucky corporation, filed its bill against the appellant, an Illinois corporation and other defendants, to restrain proceedings instituted by the appellant, in a state court, for condemnation of a right of way for a telegraph line to be placed upon and along the right of way owned and used by the appellee, in Illinois, for its lines of railroad; and this appeal is from an order (in effect) continuing a temporary injunction granted thereunder against the appellant, upon due hearing. The bill avers, among other matters, that the appellee owns and operates railroads extending through various states, and is engaged in interstate transportation of freight,

passengers, and mail; that it is authorized to erect and operate telegraph lines upon and along its right of way for the transaction of its own business as a railroad and for the general public; that its right of way is now devoted to public use, and that it is necessary to have use of the entire right of way for its present tracks and proposed double tracks and the necessary provisions for telegraph systems; that the proposed condemnation and use for the benefit of the appellant would interfere with performance of appellee's duties under its charter, and would be dangerous to employés and passengers in operation of the railroad; that the appellee's lines have been designated as mail routes, under an act of Congress, for transportation of United States mail and troops; and that the suit involves a controversy, for an amount exceeding $3,000, between citizens of different states, and also a controversy arising under the Constitution and laws of the United States, because the attempted condemnation and use would obstruct and interfere with interstate transportation, as specified. It is further averred, in substance, that the defendant Western Union Telegraph Company, a New York corporation, had long theretofore operated a telegraph line upon the right of way under contract with the appellee, which had served its requirements, but had canceled such contract and refused to arrange for continuance of the service; that such foreign corporation had caused its employés to organize the appellant as an Illinois corporation, and furnished all the money invested therein, for the purpose of obtaining the proposed right of way for ownership and operation of these telegraph lines, as independent lines "free of any rights of appellee"; and that in pursuance thereof the appellant had commenced condemnation proceedings, under assumed authority of a state enactment, averred to contravene the federal rights and powers.

[1] The chief contention for reversal of the temporary injunction rests on the twofold assumption: (1) That section 265 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. L. pp. 1087, 1162 [U. S. Comp. St. Supp. 1911, p. 236]), prohibiting stay of proceedings in a state court, is applicable thereto; and (2), in substance, that the statutory purpose is violated notwithstanding the limitations expressed in the terms of the injunction. We believe, however, that the record establishes the first-mentioned assumption to be untenable, so that the contention is without force on this appeal from the order containing the injunction. It appears of record (and is uncontroverted) that prior to the entry of this order on May 23, 1912, the condemnation proceedings, referred to in the bill as pending in the state court, were removed to the United States District Court by the filing of petition and bond for removal pursuant to statute; and presumptively no jurisdiction over the cause remained in the state court, as the jurisdiction of the District Court immediately attached (Steamship Co. v. Tugman, 106 U. S. 118, 122, 1 Sup. Ct. 58, 27 L. Ed. 87; Traction Co. v. Mining Co., 196 U. S. 239, 244, 25 Sup. Ct. 251, 49 L. Ed. 462), and became operative for all purposes involved in the injunctional decree. Furthermore, prior to the taking of this appeal, an amended (or supplemental) bill had been filed and allowed showing that the state court had granted the removal, after a hearing, and

caused a transcript of the record to be filed thereupon in the District Court, placing the proceedings beyond question within its cognizance. The inquiry, therefore, which is raised and discussed in the arguments of counsel, whether the original injunction, in any sense, disturbed the jurisdiction of the state court over the proceedings when it was entered, is not open for consideration, as that jurisdiction had terminated when the order was made from which the appeal is brought. The subject-matter of the order was then within the control of the District Court, and the contentions in reference to the prior status of those proceedings involve mere abstract or moot questions, not reviewable on this appeal, and the various assignments of error for want of jurisdiction are overruled.

[2] All further propositions of error relate alone to the issues tendered by the bill upon the merits of the controversy, which require hearing in conformity with the rules of equity for determination of all issues both of fact and law. The bill states, as we believe, entertainable cause for a hearing in equity, so that the appeal from the interlocutory order raises this single question: Was judicial discretion exceeded in staying the condemnation proceedings pending such hearing?

Under the impressions of fact stated in the ruling of the trial court, founded on the preliminary affidavits, we believe the discretion was rightly exercised, and the order accordingly is affirmed.