WESTERN UNION TELEGRAPH CO. OF ILLINOIS v. SOUTHEAST &
ST. L. RY. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. May 8, 1913. Rehearing Denied
July 3, 1913.)

No. 1,994.

1. REMOVAL OF CAUSES (§ 11*)—TEST OF REMOVABILITY.

The fundamental test of removability of a cause from a state to a federal court is that the suit be one of which the courts of the United States are given original jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31; Dec. Dig. § 11.*]

2. REMOVAL OF CAUSES (§ 25*)—GROUNDS—FEDERAL JURISDICTION—FEDERAL QUESTION.

A suit cannot be removed as one arising under the Constitution, laws, or treaties of the United States, unless such fact appears by plaintiff's statement of his own claim. If it does not so appear, the omission cannot be supplied by averment in the petition for removal or in the subsequent pleadings.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

3. REMOVAL OF CAUSES (§ 25*) — FEDERAL COURTS — JURISDICTION — FEDERAL QUESTION.

A petition by a telegraph company under a state statute to condemn a right of way for its telegraph line along the right of way of a railroad company did not present a federal question so as to confer federal jurisdiction, because such condemnation might interfere with interstate commerce or involved an interference with navigable waters of the United States subject to the federal control.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*

Jurisdiction of federal courts in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Mining Co., 35 C. C. A. 7; Earnhart v. Switzler, 105 C. C. A. 262.]

4. COURTS (§ 489*)—JURISDICTION—CONSTITUTIONAL QUESTIONS—DETERMINATION.

Whenever an issue arises in any forum, state or federal, whether an alleged cause of action infringes or involves rights under the supreme law of the land, such question must be determined in either forum, and hence a state court, in proceedings to condemn a right of way for a telegraph line along a railroad right of way, had jurisdiction to take cognizance of any infractions of the supreme law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324-1330, 1333-1341, 1372-1374; Dec. Dig. § 489.*]

In Error to the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Action by the Western Union Telegraph Company of Illinois against the Southeast & St. Louis Railway Company and others. From a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment dismissing its petition, plaintiff brings error. Reversed for want of jurisdiction.

The Western Union Telegraph Company of Illinois, plaintiff in error, moves to reverse the decree of the District Court for want of jurisdiction, with direction to remand the cause to the state court.

The cause in question is the proceeding for condemnation instituted by the plaintiff in error, in the county court of St. Clair county, referred to in the opinion of this court in Western Union Telegraph Co. of Illinois v. Louisville & N. R. Co., 201 Fed. 919, 120 C. C. A. 257. It was removed to the District Court on petition of the defendants in error, averring in substance that the suit is wholly of a civil nature and "arises under the Constitution and laws of the United States," whereof the District Courts of the United States are given original jurisdiction under the acts of Congress, concurrent with the jurisdiction of state courts. In the District Court the plaintiff in error made application to have the cause remanded to the state court, which application was denied, and jurisdiction under the removal was upheld. Thereupon, on motion of the defendants in error and upon the hearing of testimony, the trial court dismissed the proceedings for condemnation. From the judgment accordingly this writ of error is prosecuted, but the challenge of jurisdiction has been presented and heard in advance of hearing upon the merits.

Roy O. West, Percy B. Eckhart, William Rothmann, Thomas G. Deering, and William M. Klein, all of Chicago, Ill., for plaintiff in error.

H. L. Stone of Louisville, Ky., and James M. Hamill and Charles P. Hamill, both of Belleville, Ill., for defendants in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The petition for condemnation, filed by the plaintiff in error in the state court, plainly asserts and rests its alleged right thereto on the provisions of the state statute, and neither the Constitution of the United States, nor any act of Congress, is invoked or mentioned in the petition. It avers in substance: That the petitioner is incorporated as a telegraph company under the laws of Illinois, authorized to construct, own, and operate lines of telegraph in such state; that it is further empowered by such laws to exercise the right of eminent domain for the purposes thereof, as set forth; that the Southeast & St. Louis Railway Company (one of the defendants in error) is an Illinois corporation, owning a railroad having a right of way (as described) across the state, from East St. Louis "to the center thread of the permanent stream of the Wabash river" in White county, together with two branches within the state; that such owner had leased its properties to the Louisville & Nashville Railroad Company, a Kentucky corporation (defendant in error), for use and operation for 49 years, and the lessee was in operation thereof; that the petitioner "desires to construct a line of telegraph over, along, and upon said railroad," a portion of which is situated in St. Clair county. The petition further describes its proposed line upon such right of way as located from a point named in East St. Louis "to the center thread of the permanent stream of the Wabash river" and upon the branches mentioned, states that no rights are sought therein "except to erect, maintain, and operate the proposed line for telegraph purposes," and specifies the char-

acter and location of poles, wires, and attachments to be used. It also avers refusal of both railway companies to grant permission for such use, or agree upon just compensation therefor, and prays for statutory relief in the premises.

Having no ground for invoking federal jurisdiction of the cause for diversity of citizenship, removal to the District Court and procedure therein to final judgment is unauthorized, if the alleged cause of action does not arise under the Constitution and laws of the United States. The limitation of federal jurisdiction, in so far as it is made concurrent with that of state courts, strictly within the congressional provisions therefor, is well established; and the provisions of the Judicial Code, adopted March 3, 1911 (chapter 231, 36 Stat. L. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), for removal of suits "arising under the Constitution or laws of the United States" whereof "the District Courts of the United States are given original jurisdiction" (section 28), constitute the sole reliance for exercise of jurisdiction in this case. Section 28 thereof, together with section 24 conferring original jurisdiction, codify and adopt the terms of the pre-existing statute applicable to the present inquiry, namely, the Act of March 3, 1887 (chapter 373, 24 Stat. L. 552 [U. S. Comp. St. 1901, p. 514]) as "corrected" by the Act of August 13, 1888 (chapter 866, 25 Stat. L. 433 [U. S. Comp. St. 1901, p. 508]), so that it is both unquestionable and undisputed that decisions of the Supreme Court construing the instant provisions thus adopted from the earlier act are applicable here. The terms referred to of section 1 of the prior statute are preserved in code section 24, and the terms of section 2 (for removal) are in code section 28.

[1, 2] These rulings have been uniform in numerous cases involving the effect of the amendatory acts of 1887 and 1888, both as to the original jurisdiction conferred by section 1, when the suit arises under the Constitution or laws of the United States, and as to the right to remove such suits from a state court provided by section 2 of the acts. The primary and leading authority thereupon is Tennessee v. Union & Planters' Bank, 152 U. S. 454, 458, 14 Sup. Ct. 654, 38 L. Ed. 511, and from the line of subsequent decisions which exemplify and approve the interpretation and test thus adopted as the statutory limitation for removal, it is deemed sufficient to cite: Chappell v. Waterworth, 155 U. S. 102, 107, 15 Sup. Ct. 34, 39 L. Ed. 85; Arkansas v. Kansas & Texas Coal Co., 183 U. S. 185, 187, 188, 22 Sup. Ct. 47, 46 L. Ed. 144, and cases cited; Minnesota v. Northern Securities Co., 194 U. S. 48, 56, 64, 24 Sup. Ct. 598, 602 (48 L. Ed. 870), and cases cited; Louisville & Nashville R. R. v. Mottley, 211 U. S. 149, 151, 29 Sup. Ct. 42, 53 L. Ed. 126. The fundamental requirement for removal is thus established, that the suit must be one of which the "courts of the United States are given original jurisdiction" by statute; and thereupon these authorities concur in the rule that a suit cannot be removed from a state court "as one arising under the Constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition

for removal, or in the subsequent pleadings." Minnesota v. Northern Securities Co., supra. Otherwise stated (194 U. S. 66, 24 Sup. Ct. 598, 48 L. Ed. 870), the test is, Could the suit, as disclosed by the complaint, have been brought by the plaintiff in the federal court?

[3] This complaint or petition of the plaintiff in error, setting up the state statute as sole authority for the condemnation sought, furnishes no ground for invoking federal jurisdiction, either original or through removal, unless it plainly appears, from the averments of fact, that the alleged cause of action arises under the Constitution or laws of the United States (vide Missouri, K. & I. Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355), although not so mentioned in the pleading. The contentions, therefore, to support removal of the cause, rest on the propositions that the complaint avers facts sufficient to that end in two of its material disclosures, namely: (1) Condemnation is sought and specified for right of way and use of property owned and used by one or the other of the defendant corporations for railroad purposes, wherein one or both such corporations are presumptively interstate carriers, using the property in interstate commerce, so that the proposed condemnation involves interference with such commerce. (2) It further specifies for condemnation the railroad right of way extending "to the center thread of the permanent stream of the Wabash river," on the eastern boundary line of the state, and thus involves condemnation for use over "navigable waters of the United States, subject to its jurisdiction and control."

It may well be conceded that one or both of these propositions, when properly raised as an objection to condemnation, may present a federal question, either under the Constitution or under the laws of the United States, and that its determination may either defeat or modify the relief sought. The fact, however, that such questions may arise— whether appearing from averments of the complaint "as likely to arise in the course of the litigation" or otherwise—cannot serve to confer federal jurisdiction under the settled interpretation of the statute above mentioned, "that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Louisville & Nashville R. R. v. Mottley, 211 U. S. 149, 152, 29 Sup. Ct. 42, 43 (53 L. Ed. 126).

In the last-mentioned case suit was instituted in the federal court to enforce specific performance in equity of a contract on the part of the railroad company to issue free passes to the complainants annually during their lives respectively, under a bill averring that "refusal to comply with the contract was based solely upon" an act of Congress referred to "which forbids the giving of free passes or free transportation, and further averring that such act was inapplicable and inoperative for release from the contract in suit upon grounds stated. On appeal to the Supreme Court from a decree in favor of the complainants, consideration of the merits was denied because "the court below was without jurisdiction of the cause," although that question was not raised by either party, and the decree was reversed with directions "to dismiss the suit for want of jurisdiction." We believe the

opinion and rulings in that case, supplementing Boston, etc., Mining Co. v. Montana Ore Co., 188 U. S. 632, 638, 23 Sup. Ct. 434, 47 L. Ed. 626, and the above-cited line of authorities, to be decisive against every contention advanced for upholding jurisdiction in the case at bar, and that removal from the state court was unauthorized in any view of the averments referred to.

[4] Whenever an issue arises in any forum, state or federal, whether an alleged cause of action infringes or involves rights under the supreme law of the land, such right must be observed and enforced alike in either forum, and it is plainly within the province of the state court to take cognizance of any infractions thereof in the proposed condemnation of railroad right of way for independent telegraph purposes.

The judgment of the District Court, therefore, must be reversed for want of jurisdiction, and it is so ordered, with direction to remand the cause to the state court.