WESTERN UNION TELEGRAPH CO. OF ILLINOIS et al. v. LOUISVILLE
& N. R. CO.

(Circuit Court of Appeals, Seventh Circuit. October 26, 1914.)

No. 2117.

COURTS (§ 508*)—FEDERAL COURTS—INJUNCTION—ORDER OR DECREE OF STATE
COURT.

A telegraph company having instituted proceedings to condemn a right
of way for its telegraph line along defendant railroad company's right of
way, the latter company instituted a suit in the federal court to restrain
the telegraph company from prosecuting its condemnation proceedings in
the state court and from entering on the right of way. A preliminary in-
junction having been granted, the condemnation proceedings were re-
moved to the federal court, and later, on review, were remanded to the
state court, as involving no right arising under the Constitution and laws
of the United States, whereupon complainant moved to dissolve the pre-
liminary injunction. *Held* that, while such injunction was not directly
against the proceeding in the state court, it was nevertheless an order re-
straining the telegraph company from entering on the railroad right of
way in accordance with any judgment or writ of the state court, and was
therefore violative of Judicial Code (Act March 3, 1911, c. 231) § 265, 36
Stat. 1162 (Comp. St. 1913, § 1242), providing that injunction shall not be
granted by any court to stay proceedings in a state court, except where
such injunction is authorized by any law relating to proceedings in bank-
ruptcy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–
1430; Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second
Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A.
575; Copeland v. Bruning, 63 C. C. A. 437.]

Appeal from the District Court of the United States for the East-
ern District of Illinois.

Suit by the Louisville & Nashville Railroad Company against the
Western Union Telegraph Company of Illinois, the Western Union
Telegraph Company, and the Southeast & St. Louis Railway Com-
pany. From an order denying a motion to vacate an injunction for-
bidding defendants to enter on complainant's right of way to construct
a telegraph line, they appeal. Reversed, with directions to dissolve.

Percy B. Eckhart, of Chicago, Ill., for appellants.
J. M. Hamill, of Belleville, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. On February 3, 1912, the appellant, West-
ern Union Telegraph Company of Illinois, filed in the county court
of St. Clair county, Ill., its petition to condemn a right of way for
a telegraph line upon and along the railroad right of way of the ap-
pellee across the state of Illinois, under an Illinois statute which pro-
fesses to authorize such condemnation proceedings. A few weeks
thereafter appellee began the present suit to enjoin appellants from
prosecuting the condemnation proceeding in the state court and from
entering upon the railroad right of way. In April, 1912, a prelim-
inary injunction was issued forbidding appellants to enter upon the

right of way. This injunctional order is set out in full in Western Union Telegraph Co. v. Louisville & N. R. Co., 201 Fed. 919, 120 C. C. A. 257, which was an appeal from the injunctional order. In that case we affirmed the decree awarding a preliminary injunction on two grounds: First, inasmuch as the condemnation proceeding, before an appeal was taken from the injunctional order, had been removed into the federal District Court where this injunction suit was pending, the question of the legality of an injunctional order which restrained proceedings in a state court had become moot; second, inasmuch as all of the matters were pending in the federal District Court, there was no abuse of discretion in postponing the condemnation proceeding.

In the condemnation proceeding the trial in the District Court resulted in a judgment adverse to the petitioner. On review of the condemnation proceeding on writ of error we reversed the judgment with the direction to the District Court to remand the cause to the state court. This ruling was placed on the ground that the petition for condemnation was based wholly upon a right asserted under a state statute, and involved no right arising under the Constitution or laws of the United States. Western Union Telegraph Co. of Illinois v. Southeast & St. L. Ry. Co. et al., 208 Fed. 266, 125 C. C. A. 466.

After the condemnation case was reinstated in the state tribunal, appellant, on that indisputable fact, based a motion that the injunctional order be dissolved. From a denial of this motion the present appeal is prosecuted. So the question which was moot when formerly presented has now become vital.

Section 265 of the Judicial Code (old section 720 of the Revised Statutes) provides that:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

When direct attempts have been made to stay proceedings in a state court, the clear prohibition of the statute has always been upheld. Haines v. Carpenter, 91 U. S. 254, 23 L. Ed. 345; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987.

In the present injunctional order, however, the prohibition is not directly against the proceeding in the state court. By reference to the decree set out in 201 Federal Reporter it will be observed that the District Court recognized that it was "prohibited by law from granting the writ of injunction to stay proceedings in a state court." But appellant is enjoined from entering upon any part of the railroad right of way. Inasmuch as no averments in the bill and no proofs in the case show any threat on the part of appellant to enter upon the railroad right of way, except under and in pursuance of the judgment of condemnation which might be obtained in the proceeding in the state court, the injunctional order now on review must necessarily be interpreted as prohibiting appellant from entering upon the railroad right of way in accordance with any judgment or writ of the state

court. While appellant is not violating the injunction by prosecuting its case in the state court, it would be liable to contempt proceedings the moment it undertook to take the benefits of the judgment and writ of the state court. And under the authorities, which we deem it unnecessary to review, this effect is a substantial stay of the proceeding in the state court, and is therefore within the prohibition of section 265 of the Judicial Code. Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Watson v. Jones, 13 Wall. 679, 719, 20 L. Ed. 666; Rensselaer & S. R. Co. v. Bennington & R. R. Co. (C. C.) 18 Fed. 617; Dillon v. Kansas City S. B. Ry. Co. (C. C.) 43 Fed. 109, 112; American Ass'n v. Hurst, 59 Fed. 1, 7 C. C. A. 598; Louisville Trust Co. v. City of Cincinnati (C. C.) 73 Fed. 716; Leathe v. Thomas, 97 Fed. 136, 38 C. C. A. 75; Copeland v. Bruning, 127 Fed. 550, 63 C. C. A. 435; Missouri, K. & T. Ry. Co. v. Chappell (D. C.) 206 Fed. 688.

The decree is reversed, with the direction to dissolve the injunction.