**BASTROP LOAN COMPANY, INC.**

v.

**Clifton BURLEY et ux.**

**Civ. A. No. 75–0336.**

United States District Court,
W. D. Louisiana,
Monroe Division.

April 25, 1975.

Addendum April 28, 1975.

James A. Hobbs, Jones, Blackwell, Chambliss, Hobbs & Henry, West Monroe, La., for plaintiff.

Donald Juneau, Stanley A. Halpin, Jr., New Orleans, La., Kidd & Katz, Monroe, La., for defendants.

## RULING ON MOTION FOR REHEARING ON ORDER OF REMAND

DAWKINS, Senior District Judge.

Plaintiff, Bastrop Loan Company, Inc., a Louisiana corporation domiciled in Morehouse Parish, filed this suit on March 21, 1975, in the Fourth Judicial District Court of Louisiana, Morehouse Parish.

The suit is brought against Clifton Burley and his wife, Henrietta Burley, alleged to be resident citizens of Louisiana, for collection of the balance due upon a promissory note dated July 15, 1972, originally in the principal amount of $11,869.00, made and executed by defendants and payable to plaintiff's order. The note was secured by a chattel mortgage of even date, covering certain movable property; and also secured by a special mortgage upon certain real property. The balance alleged to be due is $7,316.40, with 8% per annum interest thereon from October 3, 1974, until paid, together with 20% of the unpaid principal balance and accrued interest as attorney's fees, plus all costs of the State Court proceeding.

On April 3, 1975, through their counsel, defendants filed a petition for removal of this action to this Court, attempting to assert jurisdiction here under the Removal Statute, 28 U.S.C. § 1441, the Truth-in-Lending Act, 15 U.S.C. § 1640(e), and 28 U.S.C. § 1337, the latter statute granting federal district courts original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce.

On April 18, 1975, plaintiff moved to remand this action to the State Court from which it had been removed, this motion being supported by brief, and, on the same date, we granted the motion to remand *ex parte*.

Defendants filed their motion for rehearing of this order on April 14, 1975, with a brief in support. Plaintiff filed a reply brief on April 23, 1975.

■ We carefully have considered defendants' motion and find it to be unmeritorious. Plaintiff's suit, on its face, relies upon no federal law in support of its claim, and, indeed, states a cause of action based entirely upon the law of Louisiana. The first mention of any federal statute possibly being involved in the case was in defendants' petition to remove, where the Truth-in-Lending Act is raised as a defense to plaintiff's action.

Title 15 U.S.C. § 1640(e) reads:

"(e) Any action under this section may be brought in any United States district court, *or in any other court of competent jurisdiction*, within one year from the date of the occurrence of the violation." (Emphasis added.)

We find that the State Court in which this action initially was filed is a "court of competent jurisdiction," and that defendants would be entitled to assert any provisions of the Truth-in-Lending Act as a defense to plaintiff's claim, unless barred by the one-year period mentioned.

■ Wright, Law of Federal Court, at Chapter 6, *verbo* "Removal Jurisdiction and Procedure," § 38, p. 131, clearly defines the rule here applicable:

" . . . Defendant can remove a case where the plaintiff relies on federal law for his claim, though the plaintiff is perfectly willing to entrust his federal claim to a state court, *but neither party can take the case to federal court where defendant sets up federal law as a defense to a non-federal claim by plaintiff*. This was the construction put on the 1887 statute by the Supreme Court many years ago, over a forceful dissent by the first Justice Harlan, and it is now so firmly entrenched that only a statutory amendment could change it." (Emphasis added.)

And, at p. 145, Wright states in part:

" . . . the cases fully support a rule that the court is to consider the

facts disclosed on the record as a whole in determining removability, with the one qualification that *the existence of a federal question must appear from the well-pleaded complaint, not from the answer.*" (Emphasis added.)

To the same effect is Barron and Holtzoff (Wright ed.), Federal Practice and Procedure, Chapter 4, § 102, p. 471:

"Removability of a case as involving a federal question *must be determined from the plaintiff's pleading, rather than from subsequent pleadings or the petition for removal.*" (Emphasis added.)

The decisions support these summaries of the Law on Removal of cases to federal district courts. Supreme Court: Great Northern Ry. Co. v. Galbreath Cattle Co., 1926, 271 U.S. 99, 46 S.Ct. 439, 70 L.Ed. 854; State of Minnesota v. Northern Securities Co., 1904, 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870; Great Northern Ry. Co. v. Alexander, 1918, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Walker v. Collins, 1897, 167 U.S. 57, 17 S.Ct. 738, 42 L.Ed. 76; Oregon Short Line & U. N. Ry. Co. v. Skottowe, 1896, 162 U.S. 490, 16 S.Ct. 869, 40 L.Ed. 1048; East Lake Land Co. v. Brown, 1894, 155 U.S. 488, 15 S.Ct. 357, 39 L.Ed. 233; Postal Tel. Cable Co. v. State of Alabama, 1894, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231; Chappell v. Waterworth, 1894, 155 U.S. 102, 15 S.Ct. 34, 39 L.Ed. 85; State of Tennessee v. Union & Planters' Bank, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. Courts of Appeals: Western Union Telegraph Co. of Illinois v. Southeast & St. Louis Ry. Co., 7th Cir., 1913, 208 F. 266, 125 C.C.A. 466; State of Florida v. Charlotte Harbor Phosphate Co., 5th Cir., 1896, 74 F. 578, 20 C.C.A. 538;

Wichita Nat. Bank v. Smith, 8th Cir., 1896, 72 F. 568, 19 C.C.A. 42, error dismissed 18 S.Ct. 946, 42 L.Ed. 1214; Romick v. Bekins Van & Storage Co., 5th Cir., 1952, 197 F.2d 369; Stauffer v. Exley, 9th Cir., 1950, 184 F.2d 962; State of Wash. v. American League of Professional Baseball Clubs, 9th Cir., 1972, 460 F.2d 654; Brough v. United Steelworkers of America, AFL–CIO, 1st Cir., 1971, 437 F.2d 748; Manuel San Juan Co. v. American Intern. Underwriters Corp., D.C.Puerto Rico, 1971, 331 F. Supp. 1050, affirmed American Home Assur. Co. v. Insular Underwriters Corp., 1st Cir., 1974, 494 F.2d 317; Crow v. Wyoming Timber Products Co., 10th Cir., 1970, 424 F.2d 93. District Courts: Mid-State Homes, Inc. v. Swain, D.C.Okla., 1971, 331 F.Supp. 337; Care Corp. v. Kiddie Care Corp., D.C. Del.1972, 344 F.Supp. 12; City of Galveston v. International Organization of Masters, Mates and Pilots, D.C.Tex.1972, 338 F.Supp. 907; Pure Milk Products Co-op. v. National Farmers Organization, D.C.Wis.1971, 332 F.Supp. 866; Farmco Stores, Inc. v. Newmark, D.C. Cal.1970, 315 F.Supp. 396.

Accordingly, we find that our order of remand entered on April 8, 1975, was correct; that the motion for rehearing thereon is without merit, and it is denied. The order of remand shall stand.

## ADDENDUM

Since the above ruling was signed, but prior to its filing, we have received an additional brief from defendants' counsel. Having studied this carefully, we find that it adds nothing to defendants' previous arguments. Accordingly, our Ruling of April 25, 1975, shall be filed and treated as the judgment of the Court.