CASE 24—JURISDICTION—MAY 31, 1884.

# Frank v. Peyton.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. Appellant, Frank, purchased from appellee, Peyton and wife, a tract
of land in Illinois, and took their conveyances therefor. The certifi-
cate of acknowledgment was so defective that it could not be re-
corded.

2. Appellee ascertaining this fact, attempted to sell it to another person.

3. *Held:* A court of equity in Kentucky, upon proof against appellee,
has jurisdiction to enjoin him from making the second conveyance,
insolvency being averred and shown.

Frank v. Peyton.

KINCHELOE & ESKRIDGE FOR APPELLANT.

1. This proceeding in equity acts upon the person of appellee, to restrain him from again selling the land conveyed by him and wife to appellant. Although the certificate of acknowledgment is insufficient, and the land lies in Illinois, yet appellee has passed the title to appellant, and the court below has jurisdiction to enjoin him from conveying to another. 6 Cranch, 188; 1 Bibb., 409; 3 Litt., 103; 4 Mon., 436; 3 Bush, 136.

JNO. ALLEN MURRAY AND WM. R. HAYNES FOR APPELLEE.

1. It is a good objection to the petition that it fails to allege that appellees have ever refused on demand to reform the deed of conveyance.
2. If this action had been against a non-resident it should have been brought in the county where the land lies.
3. Although actions for the specific execution or rescission of contracts for land are transitory, we find no decision of this court with reference to land lying in another State. This court has no jurisdiction to restrain appellee from conveying land lying in another State. Pulliam v. Pulliam, 4 Dana, 123; Pribble v. Hall, 13 Bush, 62; Hatcher v. Andrews, 5 Ib., 564; Hynes v. Oldham, 3 Mon., 266; Rising v. Beale, 3 Litt., 103; Parrish v. Oldham, 3 J. J. Mar., 545; Holcomb's Eq., 124; 4 Bush, 442.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, J. H. Frank, purchased of Peyton and wife a tract of ten acres of land lying in Cook county, Illinois, for which he paid Peyton five hundred dollars, and accepted the deed of the grantors, passing to him as he supposed such a legal title as could be recorded. The mode of acknowledgment was so defective that the law of Illinois prevented it going to record as evidence of title against innocent purchasers. He holds the legal title, but in such a condition as will not protect him against those who may purchase of his vendor.

These facts are alleged in a petition in equity filed by the appellant with the further allegation that the appellees were attempting to dispose of the property by sale to others, and that by the law of Illinois the innocent

purchaser would hold as against an unrecorded deed. An injunction was obtained prohibiting the parties from selling until the questions raised by the petition could be determined.

The appellees filed a demurrer to the jurisdiction, and also an answer, alleging that the deed was in the nature of a mortgage, and so intended by the parties when executed, &c.

When an issue was tendered by the reply to the answer, the court below sustained the demurrer to the jurisdiction, and dismissed appellant's petition.

The facts disclosed in the petition show clearly that the appellant is the owner of the land by reason of the conveyance from the appellees, and that this title is imperiled by the efforts on the part of the appellees to sell the land to some one else. They had received of the appellant the purchase money, and were attempting to deprive him of his title, and being insolvent, the remedy upon the warrant was ineffectual, or even if solvent, the appellant was entitled to such a conveyance as would protect him against all parties. This is not an effort to sell the land to raise the purchase money paid by the appellant, but the Chancellor is only asked to require the appellees to do what they agreed and attempted to do by the delivery of the deed with the defective acknowledgment. That is, to make them such a conveyance as by the law of Illinois can be recorded so as to notify third parties of appellant's title. This proceeding in equity acts upon the person, and the fact that property in another jurisdiction may be affected by it is no objection to the relief.

The relief sought or the action brought is purely

transitory, and there is no reason for requiring either of these parties, both living in this State, to seek the aid of an Illinois court for the relief to which the appellant, if his statements are sustained, is clearly entitled.

In the case of Massie v. Watts, 6 Cranch, Watts, a citizen of Virginia, brought an action in equity against Massie, a citizen of Kentucky, to compel the latter to convey to the former 1,000 acres of land in the State of Ohio, upon the ground that Massie had obtained the legal title with notice of the plaintiff's equitable title.

This bill was sustained and the relief granted. The present action is not an attempt to recover the land by a better or superior title, but to cure a defect in an executed agreement, defective merely in the acknowledgment, and there is no reason when the mode of curing the defect is clearly pointed out, why the relief should not be given.

Judgment reversed, and cause remanded with directions to overrule the demurrer to the jurisdiction, and for proceedings consistent with this opinion.

It is not insisted in argument that the *feme* can be compelled to relinquish her dower by the Chancellor.