RENSSELAER & SARATOGA R. CO. v. IRWIN, Collector United States Internal Revenue, et al.

(District Court, N. D. New York. September 5, 1918.)

COURTS &#8592;344—FEDERAL COURTS—SUIT TO ESTABLISH LIEN—ABSENT DEFENDANTS.

A railroad company, against which it was adjudged that dividends paid directly to its stockholders as rental by the lessee of all its property, constituted net income subject to federal corporation tax, brought suit in equity to have such taxes declared an equitable lien upon such dividends in the hands of lessee. *Held*, that the stockholders were indispensable parties, but that nonresidents could be brought in by publication under Judicial Code, § 57 (Comp. St. 1916, § 1039).

In Equity. Suit by the Rensselaer & Saratoga Railroad Company against Roscoe Irwin, Collector of Internal Revenue for the Fourteenth District of New York, and the Delaware & Hudson Company. On motion to dismiss bill. Permission to complainant to amend.

See, also, 239 Fed. 739; 249 Fed. 726, —— C. C. A. ——; 246 U. S. 671, 38 Sup. Ct. 424, 62 L. Ed. ——.

This is a motion to dismiss this suit in equity, the object of which suit is to secure a decree of this court providing for the retention from the net income of Rensselaer & Saratoga Railroad Company and payment thereof to the collector of internal revenue direct, or to said railroad company for the purpose, a sum sufficient to pay the federal income tax on the net income of such company duly assessed, and which net income, under the terms of a lease between the said Rensselaer & Saratoga Railroad Company, lessor, and Delaware & Hudson Company, lessee, is now paid by the Delaware & Hudson Company direct to the stockholders of the company as "dividends," instead of to the Rensselaer & Saratoga Company, and the Delaware & Hudson Company pursuant to the terms of such lease having indorsed on each certificate of stock an agreement to pay the stockholder the "dividend" specified. Such payments in such manner exhaust all the income and available funds of the Rensselaer Company, leaving it without funds to pay such federal tax unless it borrows, and this borrowing will gradually incumber and, so to speak, eat up the property of the company.

The facts will appear more in detail in the opinion. The main ground of the motion is the absence of necessary parties defendant. The law providing for this tax was passed long after the making of the lease.

Geo. B. Wellington, of Troy, N. Y., for plaintiff Rensselaer & Saratoga R. Co.

Walter C. Noyes, of New York City, for defendant Delaware & Hudson Co.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y., for defendant Roscoe Irwin, Collector, etc.

RAY, District Judge. In 1871, the Rensselaer & Saratoga Railroad Company, a New York corporation, leased to the Delaware & Hudson Company its railroad and all its physical property during its charter life, and the latter company agreed as rent to keep same in repair and as rent to pay the interest on its bonded indebtedness, etc., and a semiannual dividend of 3½ per cent. on its capital stock January 1, 1872, and July 1, 1872, and also "a semiannual dividend of four per cent. on such capital stock upon each first day of January and the first day of July thereafter; it being understood, however, that the interest and dividends to be paid as aforesaid shall and may be paid directly to the respective bondholders and stockholders." This lease further provided as follows:

"And the said party of the second part hereby further covenants and agrees, in manner aforesaid, that on presentation of the respective bonds and of the scrip, certificate of stock respectively, the interest and dividends upon which are to be paid as herein provided by the party of the second part, it will, by a proper instrument in writing to be indorsed or stamped thereon respectively, and duly executed, guarantee to the owners and holders thereof payment of the interest and dividends thereon as aforesaid, the dividends to be payable semiannually," etc.

The Delaware & Hudson Company went into possession under the lease and in all respects complied with its terms, and same is now in full force and effect, and each stockholder has indorsed on his or her certificate of stock the guaranty of the Delaware & Hudson Company to pay such dividends. This guaranty, of course, creates an obligation on the part of the Delaware & Hudson Company to the several stockholders which they may enforce.

This lease makes no provision for the payment of the federal income tax imposed by the act of October 3, 1913, c. 16, 38 Stat. 114, by either the stockholders or the Delaware & Hudson Company.

The taxes imposed under that act for one or two years were paid by the Rensselaer & Saratoga Company under protest, and it then brought an action to recover same on the ground such dividends so paid did not constitute income within the meaning of the act; but this court held they did, and that the amount thereof was properly taxable as income, and that the tax was properly assessed and collected. Rens. & S. R. Co. v. Irwin, Col. Int. Rev. (D. C.) 239 Fed. 739. An appeal was taken to the Circuit Court of Appeals, Second Circuit, and the decree of this court was affirmed. Rens. & S. R. Co. v. Irwin, Col. Int. Rev., 249 Fed. 726, —— C. C. A. ——. Certiorari was denied by the Supreme Court (246 U. S. 671, 38 Sup. Ct. 424, 62 L. Ed. ——). The Circuit Court of Appeals said:

"The plaintiff contends that it has no other income than the $1,000 paid it annually by the lessee as expense of keeping up its corporate organization and an income from other sources amounting to $3,600 annually, and that the moneys paid as rent to the holders of its bonds and stocks is their income. On the other hand, the defendant contends that the rent, though so paid, is as matter of law income of the plaintiff. Judge Ray took the latter view, sustained the demurrer, and dismissed the complaint. We entirely concur with him.

"It is true that the rent of its road does not go into the plaintiff's treasury, and that it has no means of withholding the tax from it. It is also true that the rent reserved by the lease is paid by the lessee in fixed sums to third

parties. All the same, the rent is the property of the plaintiff, and remains such, though by the terms of the lease paid out to others, whose rights are derived through it. While the rent is a debt of the lessee to the lessor, it is, as between the lessor and its stockholders, the lessor's income, out of which the dividends, if any, are to be paid.

"The application of the rent under the lease is a mere labor-saving device, the effect being exactly the same as if it be paid to the lessor and by it paid out as far as necessary to bondholders for interest, and the surplus in dividends to its stockholders. The description of the fixed sum to be paid by the lessee of 8 per cent. to the lessor's stockholders as a dividend shows that the payment is made as agent of the lessor."

As an equitable and just proposition, it is evident to all fair-minded men that these rents paid for the use of this railroad of the Rennselaer & Saratoga Company and its personal property, but under the provisions of the lease and as a "labor-saving device," paid to the stockholders direct in the form of and under the name of "dividends," ought not to go into the pockets of the stockholders free and discharged of the payment of the income tax imposed by the federal law on the net income of the railroad and which the railroad company must pay and pay from money borrowed for the purpose unless in some legal way its payment can be charged on this income. If lessor and lessee had contemplated or foreseen that such a tax would be imposed by act of Congress, undoubtedly some provision for payment would have been made in the lease as was done with reference to other taxes.

It is clear, I think, that to make a decree, in the absence of the stockholders as parties, directing the Delaware & Hudson Company to retain the amount of the taxes imposed under the act of Congress, would be unwarranted. First, the stockholders have a right to be heard; and, second, such a decree in the absence of such stockholders would afford no protection to the Delaware & Hudson Company as against its liability under its written guaranties indorsed on the certificates of stock held by such stockholders. It is a fact that most or all the stockholders within the jurisdiction of the court have voluntarily paid their share of these taxes, but those beyond such jurisdiction have refused so to do.

Is there any way by which these nonresident stockholders can be brought within the jurisdiction of this court so as to be bound by a decree in the premises? If under the circumstances and conditions a suit in equity can be maintained to make and declare this federal income tax an equitable lien on the annual net income of the Rennselaer & Saratoga Railroad Company and enforce it as such, all the stockholders can be brought in and made parties and service on them made by publication and jurisdiction obtained. Judicial Code of the U. S. § 57 (Act March 3, 1911, c. 231, 36 Stat. 1102, 1 U. S. Comp. St. 1916, pp. 1165, 1166, § 1039).

That section of the Judicial Code provides:

"When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or

demur by a day certain to be designated," and further provides for personal service if practicable wherever the defendants are found, and, if not found, for service by publication, and then continues, "In case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be limited by the court, in its discretion, * * * it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district," and then provides that the adjudication shall only affect the property within the district.

These rents are money and personal property owing by the Delaware & Hudson Company within the Northern district of New York and are there situated. If this court as a court of equity has power to declare this federal income tax an equitable lien on such taxable income and subject it to the payment of such taxes, jurisdiction can be obtained. It would be premature to hold that this court has such power. All parties interested should be brought in and heard. The plaintiff should be permitted to amend its complaint, if it elects so to do, as it may be advised, and to bring in and make parties defendant all the stockholders of the plaintiff corporation and apply for an order for services on those outside the jurisdiction under section 57 of the Judicial Code. Thirty days will be allowed for such amendment and action. If such action is not taken, the motion to dismiss is granted. The motion to dismiss, etc., can then be renewed if defendants are so advised and the questions suggested brought properly before the court.

Ordered accordingly.

3. MORTGAGES ⬅58—EXECUTION—WITNESSES.
   A mortgage is not invalid because witnessed by the agent who negotiated the loan for the mortgagee.

4. ACKNOWLEDGMENT ⬅20(3)—INTEREST OF NOTARY.
   A mortgage, the acknowledgment to which was taken before the agent who negotiated the loan for the mortgagee, is not invalid.

5. MORTGAGES ⬅151(3)—PRIORITY—STATUTES.
   Gen. Code Ohio, § 8321—1, as enacted by Act May 27, 1915 (105–106, Ohio Laws p. 531), providing for priority of improvement mortgages over

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes