## KANSAS GAS & ELECTRIC CO. v. WICHITA NATURAL GAS CO.

(Circuit Court of Appeals, Eighth Circuit. July 15, 1920.)

No. 5542.

1. **Removal of causes ⊕⟹12—Diversity of citizenship not ground for removal, where neither party was incorporated in state.**

    Where plaintiff and defendant were both corporations, but neither was organized under the laws of the state where the suit was instituted, and therefore not citizens of that state, the cause could not be removed to the federal court for diversity of citizenship.

2. **Removal of causes ⊕⟹25(1)—Federal question must appear on face of complaint.**

    An action is not removable from the state court, as involving a question arising under the Constitution of the United States, unless such question appears on the face of the complaint.

3. **Removal of causes ⊕⟹12—Suit to enjoin violation of gas contract not removable as local action; "local suit"; "suit to enforce lien upon or claim to property."**

    A suit by one foreign corporation against another to enjoin the breach of a contract by defendant to deliver natural gas to plaintiff at a point within the state where the suit was instituted is not a "local suit," within Judicial Code, §§ 54, 55 (Comp. St. §§ 1036, 1037), or a "suit to enforce a lien upon or claim to property" within the district, maintainable under section 57 (section 1039), if there is diversity of citizenship, neither party residing within the district, and therefore such suit is not removable.

4. **Removal of causes ⊕⟹12—Suit must be one which could have been begun in that district.**

    Under Judicial Code, § 28 (Comp. St. § 1010), limiting right of removal from the state court to causes of which the District Court of the United States is given original jurisdiction, a suit is not removable unless it could have been originally instituted within the particular district.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by the Kansas Gas & Electric Company against the Wichita Natural Gas Company, begun in the state court and removed on petition of the defendant to the federal court. Motion to remand denied, and case dismissed for want of equity, and plaintiff appeals. Reversed, with directions to remand the cause to the state court.

H. L. McCune, of Kansas City, Mo. (McCune, Caldwell & Downing, of Kansas City, Mo., on the brief), for appellant.

Joseph G. Carey, of Wichita, Kan., and R. A. Brown, of St. Joseph, Mo. (John H. Brennan, of Bartlesville, Okl., R. R. Vermilion, Earle W. Evans, and W. F. Lilleston, all of Wichita, Kan., and H. O. Caster, of Bartlesville, Okl., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. This is an appeal from a final decree dismissing the complaint of the appellant for want of equity. The complaint charges that the plaintiff is a corporation existing under the

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

laws of the state of West Virginia, and the defendant, the appellee, a corporation existing under the laws of the state of Delaware.

The object of the complaint and the relief sought is to enjoin the defendant from breaching its written contract with one J. O. Davidson, who had assigned it to the United Gas Company, and which latter company assigned it to the plaintiff. The complaint alleges that on October 10, 1905, J. O. Davidson was granted by the city of Wichita, Kan., a franchise to construct, maintain, supply, and operate a natural or artificial gas plant in said city of Wichita, and supply its inhabitants with gas for the term of 20 years; that on June 19, 1906, the said Davidson and the defendant herein entered into a written contract, by the terms of which the defendant agreed that it would lay and construct a pipe line for conveying natural gas from its gas fields in Kansas to a point at the city limits of the city of Wichita, and would for a term of 20 years supply and deliver at its reducing station, for delivery into the mains and pipes of the distributing system of the said Davidson, natural gas in a volume sufficient at all times to fully meet the demands for all purposes of domestic consumption in said city; that the said Davidson was to have the sole and exclusive agency to distribute, market, and sell the natural gas of the defendant for domestic consumption within said city, unless sooner terminated by the mutual consent of the parties thereto; that Davidson was obligated to build and construct a complete distributing system of pipe lines and necessary appliances to make proper connection with and attachments to the pipe lines of the defendant at its reducing station, to make all contracts for supplying natural gas to domestic consumers and customers in said city, and to conduct the business of furnishing natural gas to domestic consumers in said city. The contract provided what charge should be made by Davidson to the consumers, and pay to the defendant 66⅔ per cent. of the gross sales of natural gas for domestic consumption. There are other provisions in the contract, but in view of the conclusion reached it is unnecessary to set them out in this opinion.

On January 8, 1907, it is alleged a supplemental contract was entered into between the defendant and the United Gas Company, which had succeeded J. O. Davidson as the owner of the franchise and gas supply business in the city of Wichita which merely provided rates for factory and boiler consumption, and for churches, schools, hotels, and building blocks, but otherwise continued the first contract in full force; that the plaintiff became the owner of the contracts and the gas franchise on the 1st day of March, 1910. On January 2, 1912, the plaintiff and defendant entered into a supplemental agreement, which merely canceled the exclusive agency granted to J. O. Davidson, and the prohibition, contained in the original contract, that the defendant should not sell any natural gas to any other person than the plaintiff; that the plaintiff has fully complied with all the conditions in the contract, but that on January 14, 1919, the defendant notified the plaintiff in writing that it would raise the rates for the gas supplied, as fixed in the original contract, and, if not agreed to by the plaintiff, it would discontinue to supply gas. There are the usual allegations that, if de-

fendant is permitted to carry out its threat, the plaintiff would sustain irreparable loss, and therefore asks for an injunction restraining it from increasing the price of gas to be delivered to the plaintiff, and in excess of the rates fixed originally in the contract with Davidson.

The suit was originally instituted in the district court of Sedgwick county, state of Kansas, and on the petition of the defendant removed to the federal court. The petition states, as did the complaint, that the plaintiff is a corporation existing under the laws of the state of West Virginia, and the defendant is a corporation existing under the laws of the state of Delaware, that the amount involved exceeds $3,000, and as grounds for removal sets up that there is a federal question involved, as appears from the complaint.

After the transcript had been filed in the District Court of the United States, the plaintiff filed a motion to remand the cause, stating in the motion that it appears solely to move the court to remand this cause, and for no other purpose. The motion to remand was argued on June 3, 1919, and by the court taken under advisement. Thereafter on the same day the defendant filed a motion to dismiss, alleging as cause that the bill filed does not state a cause of action. This motion, and the motion to dissolve the temporary injunction, which had been granted by the state court, was heard and by the court taken under advisement. On June 14, 1919, the court overruled the motion to remand, sustained the motion to dissolve the temporary injunction, and held under advisement the defendant's motion to dismiss for want of equity. On October 30 the motion to dismiss the bill for want of equity was by the court sustained, and the final decree entered, dismissing the cause for want of equity.

Did the court err in overruling the motion to remand the cause to the state court? If the court should have remanded the cause, it was without jurisdiction to proceed.

[1] As neither the plaintiff nor the defendant was a corporation existing under the laws of the state of Kansas, the cause was not removable upon the ground of diversity of citizenship, in view of the decision of the Supreme Court in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, although there was a diversity of citizenship. In that case it was held that a cause was not removable from a state to a federal court upon the ground of diversity of citizenship, unless either the plaintiff or defendant is a citizen of the state and resides in the district in which the action is pending. While this decision has been criticized by some of the District Courts, who have declined to follow it, we do not feel at liberty to disregard it, as the Supreme Court has never overruled that part of the decision.

[2] There is no substantial allegation in the complaint showing that there is a question arising under the Constitution and laws of the United States involved, and it is well settled that, unless that question appears from the face of the complaint, the action is not removable. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870.

[3] But it is contended that the jurisdiction of the court may be maintained under the provisions of sections 54, 55, and 57 of the Judicial Code (Comp. St. §§ 1036, 1037, 1039). Sections 54 and 55 are clearly inapplicable. Section 54 provides that—

"In suits of a local nature, where the defendant resides in a different district, in the same state, from that in which the suit is brought, the plaintiff may have original and final process against him, directed to the marshal of the district in which he resides."

The defendant does not reside in the same state.

Section 55 provides:

"Any suit of a local nature, at law or in equity, where the land or other subject-matter of a fixed character lies partly in one district and partly in another, within the same state, may be brought in the district court of either district; and the court in which it is brought shall have jurisdiction to hear and decide it, and to cause mesne or final process to be issued and executed, as fully as if the said subject-matter were wholly within the district for which such court is constituted."

This section only applies if the action involves property of a fixed character, which lies partly in one district and partly in another district within the same state, the action may be maintained in either district where some of the property is situated.

Section 57 of the Judicial Code permits an action to be brought in a District Court of the United States "to enforce any legal or equitable lien upon or claim to, or to remove any encumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought," if there is a diversity of citizenship, although neither the plaintiff nor defendant are citizens of that state and residents of the district in which the suit is brought. That section further provides that when one or more defendants shall not be an inhabitant or found within said district, or shall not voluntarily appear thereto, they may be constructively summoned. This section, after providing for the hearing and adjudication of a suit against a person thus summoned outside of the state in which the suit is pending, further provides:

"But said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district."

There is nothing in this complaint affecting any right, title, or interest to any real or personal property in the district. It is simply an action to enjoin the defendant from breaching a contract. As stated in Pomeroy's Equity Jurisprudence, § 1360:

"Injunction is a remedy which, above all others, necessarily operates in personam."

As an injunction acts in personam only, courts of equity will grant injunctions, against parties domiciled or found within its limits and subject to its jurisdiction, to restrain them from prosecuting and maintaining actions in a foreign jurisdiction, if to do so would be inequitable. The leading English case on that subject is Penn v. Lord Balti-

more, 1 Ves. Sen. 444, 2 Lead. Cases in Equity (4th American Ed.) 1806, and authorities cited in the notes; Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473; Cole v. Cunningham, 133 U. S. 119, 10 Sup. Ct. 269, 33 L. Ed. 538. For the same reason courts of equity will compel a conveyance of lands in another state, if the defendant is within its jurisdiction. Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181; Alexander v. Tolleston Club, 110 Ill. 65; Frank v. Peyton, 82 Ky. 150; Schmalz v. York Mfg. Co., 204 Pa. 1, 53 Atl. 522, 59 L. R. A. 907, 93 Am. St. Rep. 782. In Pennoyer v. Neff, 95 U. S. 714, 723 (24 L. Ed. 565) it was said:

"The state, through its tribunals, may compel persons domiciled within its limits to execute, in pursuance of their contracts respecting property elsewhere situated, instruments in such form and with such solemnities as to transfer the title, so far as such formalities can be complied with."

In Texas Co. v. Central Fuel Oil Co., 194 Fed. 1, 114 C. C. A. 21, we held that an action for specific performance is a transitory action, and may be maintained in any court having jurisdiction. As neither of the parties to that action were residents of the state in which the suit was instituted, the jurisdiction of the court was sustained solely upon the ground that the plaintiff claimed a lien upon property situated in the state in which the suit was instituted; the court expressly holding that, an action for specific performance being an action in personam, the court would be without jurisdiction, if that was the only ground upon which it was invoked.

[4] Section 28 of the Judicial Code (Comp. St. § 1010) limits the right of removal of a cause from a state to a federal court to causes of which the District Courts of the United States are given original jurisdiction. Therefore, unless this suit could have been originally instituted in the District Court of the United States for the District of Kansas, it was not removable. In re Wisner, supra; Western Union Tel. Co. v. Southeast & St. Louis Railway Co., 208 Fed. 266, 125 C. C. A. 466. If this action could have been maintained by an original suit in the District Court of the United States for the District of Kansas, then under section 57 the defendant, if not found in the District of Kansas, could have been brought into court by substituted service of process in any other state in which he could be found, or, if his residence is unknown, by publication. If thus brought into court, could an injunction have been decreed, if it failed to enter its appearance?

As in the instant case there is no claim to any right, title, or interest in property, nor does the complaint allege facts which amount to a claim that it is sought to remove a cloud on the title of any property, real or personal, within the jurisdiction of the court, what decree could the court render, if the service of process had been in another district, as permissible under section 57? It certainly will not be contended that, upon such service, the defendant, if not having entered its appearance, the court would have jurisdiction to grant the injunction. An authority in point is Ladew v. Tennessee Copper Co. (C. C.) 179 Fed. 245, affirmed in 218 U. S. 357, 31 Sup. Ct. 81,

54 L. Ed. 1069. In that case it was sought to enjoin the defendants from maintaining, operating, or permitting, upon their land or premises in the state of Tennessee, what was alleged to be a nuisance, and injurious to the plaintiff's lands in the state of Georgia. The plaintiffs were citizens of the state of New York and West Virginia, and the Tennessee Copper Company a corporation of the state of New Jersey. As the alleged nuisance was maintained in the state of Tennessee, it was claimed that the District Court had jurisdiction under section 57 of the Judicial Code. But Judge Sanford, who delivered the opinion of the court, in dismissing the bill for want of jurisdiction said:

"On the whole, I am of the opinion that, as it appears from the concluding portion of this section that it relates entirely to suits of which property is the 'subject,' and as the words 'claim to .* * * property' are evidently used in contracts to liens or incumbrances upon property, and are the only words in the section under which a claim to the direct ownership of property may be included, these words relate only to claims made to the property in the nature of an assertion of ownership or proprietary interest, or other direct right or claim to the property itself, such, for example, as the claim of ownership of an undivided interest in the property upon which a suit for partition may be based (Greely v. Lowe, 155 U. S. 58, 74, 15 Sup. Ct. 24, 39 L. Ed. 69), and do not include the assertion of a right which is not based upon an interest in the property itself, but seek merely to enforce a restriction which the law imposes upon the owner of the property in reference to its proper use, and therefore that a bill to abate or restrain a nuisance is not a suit to enforce a claim to the defendants' property within the meaning of the statute."

Mr. Justice Harlan, delivering the opinion of the Supreme Court affirming Judge Sanford's opinion, said:

"We are of opinion that under no reasonable interpretation of the eighth section can the plaintiffs' case be held to belong to the class of exceptional cases mentioned in that section. In no just sense can their cause of action be said to constitute 'a claim to' real property in the district. They cannot be regarded as having a 'claim to' the leased land 'or premises on which the alleged nuisance is maintained. It may be that what the defendant is charged with doing creates a nuisance. It may also be that the defendant company wrongfully uses and has used its property in Tennessee in such way as to seriously injure the property of plaintiffs, maintained by in Georgia, and that plaintiffs are legally entitled by some mode of proceeding in some court to have the alleged nuisance abated, and their property in Georgia protected in the manner asked by them. But it does not follow that they can invoke the authority of the Circuit Court of the United States for the protection of their property against the defendant's acts. The jurisdiction of the Circuit Courts is determined by acts of Congress enacted in pursuance of the Constitution. Apart from the powers that are inherent in a judicial tribunal, after such tribunal has been lawfully created, the Circuit Courts can exercise no jurisdiction not conferred upon them by legislative enactment. It is quite sufficient now to say, without discussion, that it would be a most violent construction of the eighth section of the act of 1875 to hold that the right to have abated the nuisance in question arising from the use in Tennessee of defendant's property, because of the injurious effects upon plaintiffs' real property in Georgia, creates, in the meaning of the statute, a 'claim to' real property within the district where the suit is brought. There is absolutely no foundation for such a position."

See, also, Jones v. Gould, 149 Fed. 153, 157, 80 C. C. A. 1; Lawrence v. Times Printing Co., 90 Fed. 24, 27; Stockbridge v. Phœnix Mutual Life Ins. Co., 193 Fed. 558.

In Jones v. Gould the court said:

"The statute contemplates that the action in which substituted service of process may be made must be one which relates to 'the title to real or personal property within the district,' language which imports a localized subject. Further, the action must be one to enforce some right in it, or to remove some obstruction to the enjoyment of it. It does not concern the rights to property which is intangible and transitory."

Counsel for appellee cite numerous authorities to sustain the contention that the court had jurisdiction under section 57 of the Judicial Code. But a careful examination of these authorities fails to sustain this contention. Blair v. Chicago, 201 U. S. 400, 26 Sup. Ct. 427, 50 L. Ed. 801, was an ancillary bill by a receiver, appointed by the national court, and the ordinances of the city, sought to be enjoined, it was alleged cast a cloud upon the franchises in the hands of receivers, to be administered under orders of the court.

In Thompson v. Emmett Irr. Dist., 227 Fed. 560, 142 C. C. A. 192, the object of the action was to remove a cloud on the title of bonds issued by the defendant. The court in the first sentence of the opinion states the object of the bill:

"They state a case for the removal of a cloud upon the title of personal property."

Consolidated, etc., Mining Co. v. Callahan Mining Co. (D. C.) 228 Fed. 528, was a possessory action; as stated by the court, "a claim that they have a right to take the property out of the defendant's hands." Blake v. Foreman Brothers Banking Co. (D. C.) 218 Fed. 264, was an action to enforce a lien on certificates of stock in a corporation, and it was held that it was within the provisions of section 57, and nonresident defendants may be brought in by constructive service of process. In Railroad Co. v. Irwin (D. C.) 252 Fed. 921, the action was to have an equitable lien declared on dividends paid, and it was held that, being an action to have a lien declared on such dividends in the hands of the defendant, it was within section 57, and that nonresident defendants could be brought in by publication. In Louisville & Nashville R. Co. v. Western Union Tel. Co., 234 U. S. 369, 34 Sup. Ct. 810, 58 L. Ed. 1356, the object of the suit was to remove a cloud on plaintiff's title, caused by a judgment, purporting to condemn portions of the railway's right of way, which judgment was alleged to be void on its face.

Without reviewing other authorities relied on, it is sufficient to state that each of them was an action, either to enforce a lien, to obtain possession of property, or to remove a cloud on plaintiff's title to property. None of them is pertinent to the facts in the case at bar. The object of this statute is clearly to enable a party to institute an action in a national court, when there is a diversity of citizenship, which, being of a local nature, as distinguished from a transitory action, can only be maintained in the district in which the property affected is situated.

The court erred in denying the motion to remand, and the cause is reversed, with directions to remand the cause to the state court, whence it was removed.